JOHN ZIMMERMAN

*v.*

AUGUSTUS W. COWAN.

*Filed at Ottawa November 20, 1883.*

107  631
 27a  620
107  631
151  308
107  631
 79a  20
107     631
e108a 569

1.  CONTESTED ELECTION—*time for filing the petition—as to what time in the day.* Under section 113, of chapter 46, Rev. Stat. 1874, entitled "Elections," providing that in case of the proposed contesting of an election the person desiring to contest such election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement, in writing, of the grounds upon which he will contest the election, the contestant is not restricted, as to the time in the day on which he may file such statement, to the hours during which the clerk is required by statute to keep his office open,—that is, from eight o'clock A. M. to six o'clock P. M.,—but the "day" contemplated by the statute is an ordinary day of twenty-four hours, which does not expire until twelve o'clock, midnight.

2.  So where it was proposed to contest the election of a person who had been declared elected to the office of county treasurer, and the statement in writing of the grounds of the contest was filed with the clerk of the proper court on the last day limited by the statute, but not until after six o'clock P. M. of that day, it was *held,* the filing of the statement was in apt time.

3.  SAME—*time within which to issue the summons—what is the commencement of the suit.* In a proceeding to contest such an election, the filing with the clerk of the statement in writing, as required by the statute, is the commencement of the suit, so that it is not essential, in order to preserve the right of the contestant to proceed, that the summons should be issued within the thirty days limited for the filing of the statement, but it may as well be issued after that time has expired.

4.  TIME—*what constitutes a day.* Where a person is required to take action within a given number of days in order to secure or assert a right, the "day" is to consist of twenty-four hours,—that is the popular, and the legal, sense of the term,—so that if the act be done on the last day limited, if it be done at any time before twelve o'clock at midnight, that will be sufficient.

5.  OFFICE HOURS—*of clerks of courts.* The 6th section of chapter 25, Rev. Stat. 1874, entitled "Clerks of Courts," provides that the clerks of certain courts therein named "shall keep their offices open, and attend to the duties thereof, from eight o'clock A. M. to six o'clock P. M. of each working day." This is to be understood as requiring such clerks to keep their offices open at least during the hours thus designated, but not as in any way affecting their right or power to transact official business during any other hours in the day.

6. BILL OF EXCEPTIONS—*whether necessary.* The only purpose of a bill of exceptions is to preserve in the record such matters as transpire in the progress of a trial, that would not otherwise become a part of the record. The pleadings in a cause, and the judgment of the court as to the sufficiency of the pleadings, become matters of record without the aid of a bill of exceptions.

APPEAL from the County Court of Livingston county; the Hon. ROBERT R. WALLACE, Judge, presiding.

Mr. G. W. PATTON, and Mr. D. L. MURDOCK, for the appellant:

The first point raised by the defendant's plea is, that appellant did not begin his contest within thirty days after the result of the election had been declared. The main fact relied on is, that the petition was not filed in the office of the county clerk until after six o'clock P. M. on the thirtieth day after the result of the election had been declared. When an act is to be done by a party within a certain number of days after a specified day, the party has the whole of the last day in which to perform the act. *Ewing* v. *Bailey,* 4 Scam. 420; *Walter* v. *Kirk et al.* 14 Ill. 55; *Richardson et al.* v. *Ford et al.* 14 id. 332; 2 Blackstone's Com. 141.

Fractions of a day are not usually considered in law. *Faulds* v. *People,* 66 Ill. 210.

When a day is mentioned in a statute, a day of twenty-four hours is meant. *People* v. *Hatch,* and *People* v. *Dubois,* 33 Ill. 9; Wharton's Law Lexicon, title "Day."

The other point raised by the plea is, that the cause was not docketed or the summons issued within the thirty days allowed to appellant. Section 113 of the Election law neither requires the cause to be docketed nor the summons to be issued within the thirty days specified. The proceeding to contest an election is a chancery proceeding, and subject to all the rules governing them. *Dale* v. *Irwin,* 78 Ill. 170; *Talkington* v. *Turner,* 71 id. 234.

The filing of the bill is the commencement of a suit in chancery. *Schroeder* v. *Merchants and Mechanics' Ins. Co.* 104 Ill. 71.

Mr. A. E. Harding, and Mr. R. S. McIlduff, for the appellee:

The filing of a bill in chancery is not to be regarded *lis pendens*. *Grant* v. *Bennett*, 96 Ill. 522.

The filing of a bill, and taking out subpœna thereon, and making a *bona fide* attempt to serve it without delay, is the commencement of the suit for the purpose of preventing the operation of the Statute of Limitations, if the suit is afterwards prosecuted with reasonable diligence. *Hayden* v. *Bucklin*, 9 Paige, 514; *Webb* v. *Pell*, 1 id. 564; *Evans* v. *Galloway*, 20 Ind. 479; *Mason* v. *Chaney*, 47 N. H. 24; *People* v. *Clark*, 33 Mich. 112; *Jewett* v. *Green*, 8 Greenlf. 447.

Section 6, chapter 113, of Hurd's Stat. page 261, provides that clerks of courts "shall keep their offices open, and attend to the duties thereof, from eight o'clock A. M. to six o'clock P. M. of each working day." From this it seems the clerk can not be compelled to keep his office open or attend to the duties of the same either before or after the hours so designated, and it would seem to follow that he can do no act to bind third parties after the day ends, provided such act is required by law to be done on that day.

Webster defines a day thus: "The part of the twenty-four hours when it is light, or the space of time between the rising and setting sun, called the artificial day; the whole time or period of one revolution of the earth on its axis, called the natural day." Bouvier defines it substantially the same, and also, "it is also used to denote those hours during which business is ordinarily transacted."

A day for a common laborer is the period of time required by the custom of the country for that kind of work. 3 Esp. 121; 5 Hill, 437.

A commercial day for duration depends, also, upon custom, and the understanding and practice of commercial men. *Grosvenor* v. *Magill*, 37 Ill. 239; *Skelton* v. *Dustin*, 92 id. 54.

Motions entered, affidavits and other papers, and the decision of the court thereon, will not be considered in an appellate court unless incorporated in a bill of exceptions. *Earll* v. *People*, 73 Ill. 331; *Vanlandingham* v. *Fellows*, 1 Scam. 234; *Saunders* v. *McCollins*, 4 id. 420; *McGill* v. *Brown*, 98 Ill. 240; *Barger* v. *Hobbs*, 67 id. 592; *Bulger* v. *Hoffman*, 45 id. 352; *Fanning* v. *Russell*, 81 id. 398; *Casey* v. *Harvey*, 14 id. 45; *Blair* v. *Ray*, 103 id. 615; *Boyle* v. *Levings*, 28 id. 314; *Drew* v. *Beall*, 62 id. 164; *Force Manf. Co.* v. *Horton*, 74 id. 310.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 9th day of November, 1882, Augustus W. Cowan was declared elected county treasurer of Livingston county. Zimmerman, the defeated candidate, filed a petition in the county court of Livingston county, on the 9th day of December following, to contest the election, under section 113, chapter 46, Rev. Stat. 1874, page 464, which declares: "The person desiring to contest such election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement in writing, setting forth the points on which he will contest the election, which statement shall be verified by affidavit in the same manner as bills in chancery may be verified." Section 114 provides: "Upon the filing of such statement summons shall issue." To the petition Cowan interposed a plea in bar, in which he in substance set up that Zimmerman did not begin his contest within thirty days after he was declared elected; that the petition was not filed until after business hours, on the 9th day of December, after the hour of six o'clock P. M. of that day. The plea in bar, on motion, was set down for

a hearing, and upon argument the court held the plea sufficient, and entered an order dismissing the petition.

It is conceded that if the petition had been filed before six o'clock P. M. on December 9, it would have been within the thirty days prescribed by the statute; but it is contended that the thirty days expired at six o'clock,—the time the statute allows the clerk to close his office. This position is predicated mainly on section 6, chapter 25, Rev. Stat. 1874, which provides that clerks of courts "shall keep their offices open and attend to the duties thereof from eight o'clock A. M. to six o'clock P. M. of each working day." This provision of the statute requiring the clerks to keep their offices open from eight in the morning to six in the afternoon was enacted in 1874. Prior to the act to revise the law in relation to clerks of courts, approved March 25, 1874, we had no statute fixing an hour when the office should be opened or closed. Before that time the statute required the clerks to keep their offices at the county seat, to take an oath faithfully and impartially to discharge all the duties pertaining to the office, and to enter into bond conditioned for the faithful discharge of the duties of the office; but as to the time of opening or closing the office the statute was silent. It was doubtless supposed that the oath of office and the bond were a sufficient guaranty that the office would be open at all reasonable hours for the transaction of business, and such was the case for many years, as we must presume, or the legislature would have acted on the subject sooner.

But the question presented is, what was the object of the amendment adopted in 1874? Had the county and circuit clerks kept their offices open more hours in the day than the wants of the people demanded? Were the accommodations of the public in these offices so much more than the actual necessities demanded that the legislature was called upon to act, and declare that these offices should not be open for the transaction of business more than ten hours in twenty-four?

Or, on the other hand, had the clerks failed, in some counties, to keep open the offices a sufficient number of hours to enable the people to transact their business, so that the legislature was called upon to provide by law that these offices should at least be open at eight in the morning and remain open until six in the afternoon? We believe the latter view to be the more reasonable, and the one we are inclined to adopt. There is nothing in the act which seems to have been intended to prevent a clerk from opening his office at six in the morning and keeping it open until twelve at night, for the transaction of business, if he saw proper; but the purpose of the law, no doubt, was to compel the clerks, under all circumstances, to open the office as early as eight in the morning and not to close before six in the afternoon. The mere fact that a clerk is required to keep his office open from eight A. M. to 6 P. M. can not, under any reasonable construction, be held to render the official act of the clerk before or after those hours illegal. Under the statute we think the clerk may perform any official duty, if he desires, before eight o'clock A. M. or after six o'clock P. M., as well as between those hours. Indeed, it is often necessary, in order to a proper dispatch of business, for courts to hold sessions at night. This can not be done without a clerk, and if the clerk has no authority to perform official duties after six o'clock, courts would be powerless to transact much of the business upon the dockets. Surely the legislature did not intend by the act to retard, hinder or delay the business in courts, and yet if the construction contended for should be adopted such would be the practical effect of the law. When the legislature declared that the person desiring to contest the election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk a statement, in writing, setting forth the points, a day, as here used, was intended as an ordinary day of twenty-four hours. Had a shorter period been contemplated, or a day other than an ordinary

day been intended, other and different language would have been employed to express that intention. Here the statement was required to be filed with the clerk within thirty days. This included the whole of the 9th day of December, which would not expire until midnight of that day. *The People* v. *Hatch*, 33 Ill. 136, is a case in which the question arose as to the legal meaning of a day, and it was expressly held that the popular, as well as the legal, sense of a day was twenty-four hours. If we are correct in this view, the statement filed by the contestant was within the time required by law.

It is also contended that the right of action is barred because summons did not issue on the day the statement in writing was filed. In *Dale* v. *Irwin*, 78 Ill. 170, it was held that the proceeding to contest an election is to all intents and purposes a chancery proceeding, and subject to all the rules which govern such proceedings. The 4th section of the Chancery Code provides that the mode of commencing suits in chancery shall be by filing a bill of complaint with the clerk of the proper court, setting forth the nature of the complaint. This course was pursued here, and the fact that the clerk failed to docket the cause and issue the summons on the day the statement in writing was filed, did not deprive the contestant of the benefit of the right which the statute conferred on him when he filed his statement in writing. Under the statute the filing of the statement in writing with the clerk was the commencement of the suit, although the summons was not on that day issued.

It has, however, been suggested that as no bill of exceptions is in the record, the questions we have considered do not properly arise. The only question presented by the record is as to the sufficiency of the plea interposed by Cowan. No bill of exceptions is necessary to preserve the plea in the record, as all the pleadings in the case are a part of the record. The only object of a bill of exceptions is to preserve in the record such matters as occur during the trial which

are not a part of the record. The plea was set down for argument, and the court sustained it. No bill of exceptions was required to review this action of the court on the plea.

The judgment of the county court will be reversed, and the cause remanded.

*Judgment reversed.*