MARY A. BURGE, APPELLEE, V. MARY E. GANDY,
APPELLANT, ET AL.

FILED JUNE 6, 1894.    No. 5314.

1. **Set-Off:** ACTION ON CONTRACT.  A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court. (Code of Civil Procedure, sec. 104.)

2. ———.  A claim on the part of the defendant which he will be entitled to set off against the claim of a plaintiff against him must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff. *Simpson v. Jennings*, 15 Neb., 671, followed.

3. ———: DOMESTIC JUDGMENTS.  The owner of a domestic judgment may maintain an action thereon, and he may make it the basis of a set-off in a suit brought against him to foreclose a mortgage owned by a party liable on such judgment.

4. **Evidence:** JUDICIAL RECORDS.  A judicial record of this state may be proved by the producing of the original, or by a copy thereof, certified by the clerk or the person having the legal custody thereof, authenticated by his seal of office, if he have one. (Code of Civil Procedure, sec. 413.)

5. **Judicial Records.**  A judicial record is a precise history of a suit from its commencement to its termination, including the conclusion of law thereon, drawn by the proper officer for the purpose of perpetuating the exact state of facts. *Davidson v. Murphy*, 13 Conn., 213, followed.

6. ———: SET-OFF.  In a suit brought by Mary Burge against M. E. Gandy the latter pleaded as a set-off a judgment of the county court rendered in her favor against Burge.  The only evidence offered by Gandy to support her plea of set-off was as follows: "Defendant requests the clerk of the court to read the judgment; who complied, reading as follows: ' Judgment record B 2, page 243.  Mary E. Gandy, plff., v. John B. Burge and M. Burge, defts.  Rendered February 28, 1887.  Judgment rendered against both defendants.  Amount, $146.45.  Costs, $1.20. Interest, ten per cent.  Transcript filed April 23, 1888, from county court.  G. T. Belding, County Judge.'  Q. What book is that? A. (By the clerk.) Judgment record B 2." *Held,* (1)

That this evidence did not show a judgment, but was a mere recital that one had been rendered; (2) that it was not an original record of a judgment nor an exemplification of such record; (3) that the set-off pleaded was not proved.

APPEAL from the district court of Pawnee county. Tried below before APPELGET, J.

*E. W. Thomas,* for appellant.

*H. C. Lindsay, contra.*

RAGAN, C.

Mary E. Burge brought this suit in the district court of Pawnee county to foreclose a mortgage against Mary E. Gandy and others. Mrs. Gandy in her answer alleged that she was the owner of a judgment rendered by the county court of said county in her favor and against Mrs. Burge and others; that such judgment was wholly unsatisfied, and prayed that the amount of such judgment, with interest and costs, might be set off against the amount due Mrs. Burge on the mortgage sought to be foreclosed. To this answer Mrs. Burge filed a reply consisting of a general denial. The district court rendered a decree in favor of Mrs. Burge for the amount due on her mortgage, but disallowed the set-off pleaded by Mrs. Gandy, and she brings the case here on appeal, her only complaint being the action of the district court in disallowing her set-off.

Section 104 of the Code of Civil Procedure provides: "A set-off can only be pleaded in an action founded on contract and must be a cause of action arising upon contract or ascertained by the decision of a court." Mrs. Burge's action is founded on contract, and the set-off as pleaded by Mrs. Gandy not only arose upon contract, but had been ascertained by the judgment of a court. In *Simpson v. Jennings,* 15 Neb., 671, it is said: "A claim on the part of a defendant which he will be entitled to

set off against the claim of the plaintiff against him must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff." Mrs. Gandy, at the time this suit was commenced, could have maintained an action against Mrs. Burge on the judgment which she pleaded as a set-off. (2 Black, Judgments, sec. 958, and cases cited.) The set-off then pleaded by Mrs. Gandy came within both the letter and the spirit of the Code and within the construction placed thereon by this court. The judgment pleaded was a joint and several one, and since it was a proper subject of set-off, the district court erred in not allowing it if the recovery and existence of the judgment as pleaded was proved.

2. The evidence, and all the evidence, offered by Mrs. Gandy to support her plea of set-off was as follows:

"Defendants offer in evidence the judgment that they set up here. Defendant requests the clerk of the court to read the judgment, who complied, reading as follows: 'Judgment record B 2, page 243. Mary E. Gandy, plff., v. John B. Burge and M. Burge, defts. Rendered February 28, 1887. Judgment rendered against both defendants. Amount, $146.45. Costs, $1.20. Interest, ten per cent. Transcript filed April 23, 1888, from county court. G. T. Belding, County Judge.'

"Q. What book is that?

"A. (By the clerk.) Judgment record B 2."

The recovery and existence of the judgment pleaded by Mrs. Gandy as a set-off were put in issue by her answer and the reply of Mrs. Burge thereto. The question then is, does the evidence quoted above prove the set-off pleaded by Mrs. Gandy? We are of opinion that it does not. Section 413 of the Code of Civil Procedure provides: "A judicial record of this state   *   *   *   may be proved by the producing of the original, or by a copy thereof, certified by the clerk or the person having the legal custody thereof, authenticated by his seal of office, if he have one."

A judicial record is a precise history of a suit from its commencement to its termination, including the conclusion of law thereon drawn by the proper officer for the purpose of perpetuating the exact state of facts. (*Davidson v. Murphy*, 13 Conn., 213.) If the evidence read by the clerk was the original record made by the county judge in the proceeding of Gandy against Burge and others, it was not a judgment at all, but a mere recital that a judgment had been rendered against Burge and Burge. (*Sprick v. Washington County*, 3 Neb., 243.) If we consider the matter read by the clerk a judgment, then there is no evidence that it was the original judgment rendered by the county court in favor of Mrs. Gandy, and against Burge and Burge. The rendition or existence of a domestic judgment may be proved by the original record thereof, or by an exemplification of such record, but the evidence offered in support of this judgment entirely fails to show that any such judgment as that pleaded was rendered. The evidence does not purport to be the original record of the judgment, nor an exemplification of such record. Again, the judgment pleaded as a set-off was alleged to have been recovered against Mary A. Burge. The proof offered tends to show that a judgment was rendered in favor of Mrs. Gandy and against M. Burge; but there is no proof of the identity of Mary A. Burge and M. Burge. So that, in any view we may take of the case, the district court had before it no evidence from which it would have been justified in finding in favor of Mrs. Gandy the set-off pleaded by her. The decree is

AFFIRMED.