THE CITY OF MATTOON

*v.*

SARA E. P. NOYES.

*Opinion filed December 20, 1905.*

1. APPEALS AND ERRORS—*defenses cannot be first urged on appeal.* A defense not made in the court below will not be considered by the Supreme Court in reviewing the record.

2. SAME—*when question whether certain fact was established cannot be considered.* Whether a certain question of fact was established by the evidence in a chancery case cannot be determined by a court of review, where the certificate of evidence does not purport to contain all the evidence heard by the chancellor.

WRIT OF ERROR to the City Court of Mattoon; the Hon. L. C. HENLEY, Judge, presiding.

Sara E. P. Noyes, the defendant in error, obtained an injunction in the city court of the city of Mattoon against said city and Loomis & Rose, contractors, restraining them from constructing a certain sidewalk which the city, by an ordinance, had theretofore ordered laid.

The decree rendered by the city court, following the allegations of the bill, finds that on August 13, 1893, one Fran-

cis V. Noyes died testate owning a tract of land in the east half of the north-west quarter of section 14, town 12, north, range 7, east, in said city, lying east of the extension of the middle line of Fourteenth street, in said city; that in and by his will he devised said tract to Sara E. P. Noyes and Francis V. Balch in trust, for the support of the former, with full power to sell and convey free from trust and to deal with said land as though they were the absolute owners thereof, and providing that in case of the death of Balch the defendant in error should succeed to all the powers given to the trustees until a successor to Balch should be appointed; also nominating Balch and the defendant in error executors of his will; that the persons named accepted the trust, and on April 2, 1894, in pursuance of the powers vested in them by the will, platted said tract into lots, blocks and streets; that the plat was accepted by the city and was filed for record in Coles county as "Executor's subdivision No. 2 of Francis V. Noyes' estate;" that subsequent thereto Balch died, and thereafter, on September 18, 1901, before any lots or blocks were sold in said platted tract, the defendant in error, as surviving trustee and executrix, properly executed and acknowledged a deed declaring said plat vacated, and filed that deed for record in the recorder's office of Coles county on September 24, 1901, and that said plat was thereby vacated and the public divested of all rights in and to the streets shown thereon. The decree further finds that the city of Mattoon has passed an ordinance for the construction of a sidewalk over said tract and about forty-five feet east of the west side thereof without obtaining a right of way therefor, and has let a contract for the construction of the sidewalk to Loomis & Rose, who are threatening to begin the construction thereof notwithstanding the objection of defendant in error; that at the time said ordinance was passed there was no street at the place of the proposed sidewalk and no right existed in the city to order the construction thereof. The city of Mattoon brings the record to this court by a writ of error.

The defense of the plaintiff in error, as set up by its answer in the city court, was, that at the time the deed of vacation was executed one Joseph Withington was co-trustee with the defendant in error and that it was necessary for him to join in that deed; also, that prior to the execution of the deed of vacation the defendant in error and Withington, as trustees, had conveyed to John W. Hogue a parcel of land out of said platted tract, and that the deed of vacation was ineffective because he, Hogue, did not execute it. These grounds are also urged in this court for reversing the decree of the city court, and in addition thereto it is contended that executor's subdivision No. 2 is only a part of a plat; that it and executor's subdivision No. 1 of Francis V. Noyes' estate together constitute but one plat, and that lots had been sold in the latter subdivision, fronting on Fourteenth street, (the east half of which street is included in the vacated plat and is the part of the street upon which the sidewalk was ordered,) prior to making the deed of vacation; that the owners of the lots so sold should have signed that deed in order to make it effective; that such owners purchased those lots with reference to the plat as a whole, and that defendant in error is now estopped to deny the existence of a street at the place where the sidewalk is proposed to be constructed.

The testimony was taken in open court, and defendant in error calls attention to the fact that the certificate of evidence does not purport to contain all the evidence introduced.

ANDERSON STEWART, for plaintiff in error.

JAMES F. HUGHES, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is first urged by plaintiff in error that executor's subdivision No. 1 and executor's subdivision No. 2 of Francis V. Noyes' estate, shown by the plat contained in the transcript of the record, are in fact one and the same subdivi-

sion, and that the streets therein were conveyed to the city of Mattoon by one and the same statutory dedication; that various lots in subdivision No. 1 had been sold and conveyed to various persons after the dedication and prior to the filing of the declaration or deed of vacation, and that as these grantees did not join in the deed of vacation that deed was ineffective under the provisions of section 6 of chapter 109, Hurd's Revised Statutes of 1903, which is as follows:

"Any such plat may be vacated by the owner of the premises at any time before the sale of any lot therein, by a written instrument declaring the same to be vacated, executed, acknowledged or proved, and recorded in like manner as deeds of land; which declaration being duly recorded, shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys and public grounds, and all dedications laid out or described in such plat. When lots have been sold, the plat may be vacated in the manner herein provided by all the owners of lots in such plat joining in the execution of such writing."

An examination of the record shows that this contention was not made by the city on the trial in the court below, its insistence in that regard in that court being, that one parcel of real estate in executor's subdivision No. 2 had been conveyed to John W. Hogue prior to the execution of the deed of vacation, and that the vacation was erroneous for the reason that Hogue did not join in that deed. It was not suggested in the court below, so far as appears from the record, that the two subdivisions were one and the same, and that it was necessary for owners of lots in subdivision No. 1 to join in the vacation of the plat of subdivision No. 2.

A defense not made in the court below will not be considered in this court when the record is reviewed here. *Ortmeier* v. *Ivory,* 208 Ill. 577; *McDavid* v. *Sutton,* 205 id. 544.

It is next contended that Joseph Withington was acting as one of the trustees under the will of Noyes at the time of

the execution of the deed of vacation, and that as he did not join with Sara E. P. Noyes in that deed the same was in- effective. Whether or not Withington was at that time one of the trustees is in this case a question of fact. The testimony was taken in open court. There is no recital in the certificate of evidence showing that it contains all the evidence which was introduced in the trial of this cause in the city court. Whether or not the evidence showed that Withington was at that time a trustee we cannot determine in the absence of a certificate of evidence purporting to present all the evidence heard by the chancellor. *Cooley* v. *Scarlett,* 38 Ill. 316; *Allen* v. *LeMoyne,* 102 id. 25; *Allen* v. *Henn,* 197 id. 486.

The tract of land in executor's subdivision No. 2, conveyed to John W. Hogue, was transferred by a deed dated September 14, 1901, and is described therein by metes and bounds. The deed of vacation was not signed until the 18th of September, 1901, and was filed for record on September 24, 1901. It is contended on the part of defendant in error that this deed to Hogue was not delivered until after the deed of vacation had been filed, so that Hogue never became the owner of the land described in his deed until after the vacation of the plat of the subdivision. The third and last point made by plaintiff in error is upon its assertion that Hogue's deed was delivered before the deed of vacation was filed, and that Hogue was therefore a necessary party to the deed of vacation. This, too, presents a question of fact, viz., was the deed to Hogue delivered before or after the deed of vacation was filed?—and this question of fact we cannot determine for reasons already pointed out.

The decree of the city court will be affirmed.

*Decree affirmed.*