COMMISSIONERS OF FOUNTAIN HEAD DRAINAGE DISTRICT

*v.*

D. B. WRIGHT *et al.*

*Opinion filed June 19, 1907.*

1. ARREST OF JUDGMENT—*what can be urged in arrest of judgment.* Only those errors which appear on the face of the record, or those matters which should, but do not, appear on the face of the record, can be urged in arrest of judgment.

2. SAME—*motion in arrest cannot be sustained by facts dehors the record.* A motion in arrest of judgment is based upon the record proper, and in considering such motion the court does not look to the evidence or to the facts *dehors* the record.

3. SAME—*judgment cannot be arrested for a defect which may be waived.* A judgment cannot be arrested for a defect which may be waived, and the record must show that there is no substantial cause of action.

4. DRAINAGE—*whether damages were properly assessed in the original proceeding cannot be questioned collaterally.* Whether damages were properly assessed in the original assessment proceeding for the construction of a drainage ditch cannot be questioned in a proceeding to levy additional assessment for completing the work.

5. SAME—*when it is presumed that the benefits exceed damages.* Where the column in the original drainage assessment roll headed "damages" is blank as to the objectors' property but the column headed "benefits" contains an entry, it will be presumed, on appeal, that the benefits exceeded the damages.

6. SAME—*when commissioners may proceed to assess benefits.* Where it has been legally determined that land in a drainage dis-

trict is not damaged, or where there is no question of damages to be determined, the commissioners may proceed to determine and assess benefits.

7. SAME—*when question of damages is not involved.* Where an additional drainage assessment is proposed to be levied to complete the work .for which the original assessment was levied, there being no additional or new work not contemplated in the original assessment, no question of damages to land is involved.

8. SAME—*plats and profiles unnecessary where an assessment is merely to complete original work.* Where an additional assessment is for the purpose of completing the work for which the original assessment was levied and for which plans and profiles were duly filed in the original proceeding, no plans and 'profiles are necessary in the proceeding for the additional assessment.

9. APPEALS AND ERRORS—*when ruling on motion in arrest can not be reviewed.* Unless a motion in arrest of judgment states the defects complained of, as being patent on the face of the record and the specific causes for which judgment should be arrested, the ruling of the lower court on the motion cannot be reviewed.

APPEAL from the County Court of Champaign county; the Hon. T. J. ROTH, Judge, presiding.

This is an appeal from the judgment of the county court of Champaign county sustaining a motion in arrest of judgment made by appellees. This motion was made the same day that the order was entered overruling the objection to the confirmation of an additional or second assessment on the lands of said district to pay for completing the work originally planned. The first original assessment of about $28,000 was levied in 1905, under what is known as the Levee act, approved and in force in 1879. (Hurd's Stat. 1905, p. 775.) The ditch to be constructed was about eight miles in length, entirely in Champaign county. After the original assessment had been confirmed the work of construction on the ditch was commenced and apparently continued until the latter part of 1906, when the commissioners found that the original assessment was not large enough to complete the work, and they filed a petition in the county court of that county, under section 37 of said act, (Hurd's

Stat. 1905, p. 786,) asking that the court levy an additional assessment to raise sufficient funds to pay for the completion of the work theretofore laid out and ordered constructed under the original proceedings, stating that it would be necessary to raise $9895 by special assessment on the property benefited. All parties seem to have been properly brought into court by notices, and after hearing the evidence the court found that there were not sufficient funds of the district to pay for the completion of the work as originally planned, and ordered the commissioners' report to be approved and confirmed, and found that $9895 was necessary to be raised to finish the work as originally laid out. The court further found that all questions of damages had been settled, adjusted and released in the original proceedings, and that the commissioners of the district should proceed to make an assessment upon the land and property, roads and railroads, within the district. The commissioners then proceeded to spread the assessment for the additional amount as ordered and to file the same in court, whereupon objections were filed by appellees herein, together with other property owners. In filing their petition the commissioners gave an itemized statement showing the moneys received and the manner in which they had been expended, but did not include any plats or profiles. On motion of one of the objectors, not a party to this appeal, the court ordered the commissioners to file a more complete statement of the receipts and expenditures, which was done. The court, after a hearing, overruled the objections of appellees herein February 13, 1907. Thereafter, the same day, on leave granted, appellees filed their motion in arrest of judgment. Motion was made by appellants to strike this motion in arrest of judgment from the files, and after argument the court refused to do so, but sustained and allowed the motion in arrest of judgment and vacated and set aside the order overruling the objections of appellees, further ordering that the objections made by appellees, and each of them, be "sus-

tained as to matters of law presented thereby," and that the assessment roll as then corrected be confirmed. Appellants thereupon prayed an appeal to this court.

RAY & DOBBINS, for appellants.

C. R. IUNGERICH, and SCHAEFER & DOLAN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Only those errors which appear on the face of the record, or those matters which should, but do not, appear on the face of the record, can be urged in arrest of judgment. (2 Ency. of Pl. & Pr. p. 794.) A motion in arrest of judgment is based on the record proper, and in considering such a motion the court does not look into the evidence. (*Danley* v. *Hibbard,* 222 Ill. 88; 23 Cyc. 824.) A judgment is never arrested except for intrinsic cause appearing on the face of the record, and it must be a defect that cannot be waived, and the record must show that there is no substantial cause of action. (2 Ency. of Pl. & Pr. p. 799; *Smith* v. *Curry,* 16 Ill. 147.) Such a motion cannot be sustained by facts *dehors* the record. *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 Ill. 61.

What makes up a judicial record is so largely governed by statutory enactments that no specific definition can be given. "Generally, whatever proceedings, facts or papers the law or the practice of the various courts requires to be enrolled are properly a part of the judicial record." (24 Am. & Eng. Ency. of Law,—2d ed.—p. 161.) All the pleadings in a case are a part of the record. (*Zimmerman* v. *Cowan,* 107 Ill. 631.) In special assessment proceedings for local improvements under the City and Village act the petition and copy of the ordinance attached thereto are a part of the pleadings. *Lundberg* v. *City of Chicago,* 183 Ill. 572; *Houston* v. *City of Chicago,* 191 id. 559.

The chief insistence of appellees in support of their contention that the motion in arrest of judgment was properly sustained is, that neither the original nor the additional assessment was levied in accordance with the law, in that the additional assessment was levied by commissioners and not by jury, and in that while the original assessment was made by jury it was a justice jury, and not chosen in accordance with the decisions of this court. In this connection they also insist that no damages were allowed the objectors, either in the original assessment or on this hearing. In the original proceedings it appears that both of the objectors were heard before the jury, and they there filed no objections as to the method of choosing the jury or trying the case, neither did they appeal from the confirmation of that assessment, and they afterward paid their assessment. The original assessment roll contained a column headed "Benefits," one headed "Damages" and a third headed "Total Benefits." The column headed "Damages" was blank so far as objectors' property was concerned, and this court has held that where that column contains no entry of damages it will be presumed that an entry in the column headed "Benefits" shows benefits in excess of damages. (*Lovell* v. *Drainage District,* 159 Ill. 188; *Huston* v. *Clark,* 112 id. 344.) Moreover, the court found in its order in this proceeding that those questions were settled in the original proceeding and were not subject to consideration in this additional assessment. Where no question of damages is to be determined, or where it has been determined that land not taken is not damaged, the commissioners may proceed to determine whether it is benefited. (*Hull* v. *Sangamon River Drainage District,* 219 Ill. 454; *Stack* v. *People,* 217 id. 220; *City of Joliet* v. *Drainage District,* 222 id. 441.) The question as to whether damages were properly assessed in the original proceeding cannot be raised at this time. In passing on a supplemental or additional assessment levied under the Local Improvement act for cities and villages,

this court, in *Conway* v. *City of Chicago,* 219 Ill. 295, held that in a proceeding to levy a supplemental assessment the property owners could not attack the sufficiency of the original ordinance.   In *Juvinall* v. *Jamesburg Drainage District,* 204 Ill. 106, this court held that unless the property owner in a drainage proceeding specifically objected to the denial of a trial by jury upon the question of damages and benefits the objection was waived and the judgment of confirmation would be conclusive.   The record before us discloses that this additional assessment is being levied for the purpose of completing the original work and not for any additional work, so that it is evident the property of the objectors is not taken or damaged thereby.

The objection that plats and profiles were not filed in this additional proceeding is without force.   Such plats and profiles were filed in the original proceedings.   Said section 37 of the act requires that if additional work is to be done, plats and profiles must be filed for such additional work with the petition for the additional assessment.   If the additional assessment is not for the purpose of extending the work but merely to complete the work as originally laid out, and the original plans and profiles show all of the work, we can see no good reason why plans and profiles should be filed with the petition for the additional assessment, so as to set out clearly what work is required.   In this case it is plain from the petition for the additional assessment that no such additional work is proposed,—that the petition is filed only for the purpose of completing the work as shown and set out on the plans and profiles in the original assessment.   The objection that the additional levy was made without lawful authority by the commissioners, or was illegal and void and contrary to the constitution, finds no support, therefore, in the record.

Appellees further insist that the report of the commissioners as to receipts and disbursements was not originally sufficiently itemized, and that the fact that it was further

itemized by the commissioners on the order of court, at the request of other objectors than appellees, cannot make it good as to appellees. There is no force in this objection. The proceedings before the county court plainly show for what purpose the money to be derived from the assessment was to be used, and we do not consider the commissioners' petition indefinite, uncertain or insufficient on this point.

It is further insisted by appellees that this assessment was levied to pay an indebtedness already incurred, and that under the decisions of this court in *Winkelmann* v. *Drainage District,* 170 Ill. 37, and *Ahrens* v. *Drainage District,* id. 262, an assessment for this purpose cannot be sustained. None of the objections filed by appellees in support of their motion in arrest of judgment would lead one to think, even from a careful study, that these objections were intended to raise this question. The motion in arrest of judgment should state concisely the defects complained of as being patent on the face of the record and the specific causes for which judgment should be arrested, otherwise the rulings of the lower court upon this motion can not be reviewed on appeal. (2 Ency. of Pl. & Pr. p. 816.) It is insisted by counsel for the appellants, and practically by counsel for the appellees in their briefs, and also manifest from the entire record, that the court did not sustain the motion in arrest of judgment on this ground. The wording of the order of court in sustaining the motion in arrest of judgment tends strongly to show this. The court sustained the motion and refused to approve the assessment only as to the property of appellees herein, but distinctly stated in the order that the assessment was approved "as to all other lands and property in said drainage district." If the court had sustained the objection on the ground that an additional assessment was being levied to pay an indebtedness already created by the drainage commissioners, logically and justly it should, of its own motion, have nullified the entire assessment roll. An appeal is taken for the pur-

pose of reviewing the findings of the lower court, and not something that was not presented in that court. A defense not made will not be considered in this court on review. (*City of Mattoon* v. *Noyes,* 218 Ill. 594; *Close* v. *City of Chicago,* 217 id. 216.) On the face of this record we do not think the court was justified in sustaining the motion in arrest of judgment.

The judgment and order of the county court in this proceeding will therefore be vacated and set aside, and the judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein set forth.

*Reversed and remanded.*