THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN VICKERS, Plaintiff in Error.

*Opinion filed June 22, 1927.*

1. CRIMINAL LAW—*points not set forth in written motion for a new trial are waived—continuance.* Where a party files a written motion for a new trial he will be held to waive all causes therefor not set forth in his motion, as the trial court should have an opportunity to correct its own errors if any have been committed, and where a written motion for new trial does not question the court's ruling in denying a motion for continuance the question can not be raised in the Supreme Court.

2. SAME—*abstract should show all instructions and by whom offered.* Error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions be set forth in the abstract and unless the abstract shows who offered the instructions concerning which error is assigned.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. J. F. GILLHAM, Judge, presiding.

J. FRED GILSTER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM H. SCHUWERK, State's Attorney, and VIRGIL L. BLANDING, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error was charged by the grand jury of Randolph county with the crime of murder and convicted of manslaughter. He prosecutes this writ of error to reverse the judgment.

About midnight, August 12, 1926, John Alexander was killed in a disorderly house conducted by Curley Jones at Coulterville. The front room was used as a lunch room. There was a card table in the room, and Jones, Alexander, George Griffin and John Manning were sitting at the table playing cards during the two hours before the killing. Alexander sat with his back toward the front door, near which plaintiff in error and Chester Taylor sat visiting for about two hours. According to the witnesses for the prosecution plaintiff in error arose from his seat about midnight and walked to the front door, opened it, and then turned around and walked back to the table where Alexander was playing cards. Two of the witnesses say that he struck Alexander over the head with a heavy, shiny object, that the lights went out and a shot was fired. Other witnesses say that plaintiff in error approached Alexander in a threatening manner, and that as the lights went out they heard a gunshot but did not see him strike Alexander. When the room had been re-lighted plaintiff in error was gone and Alexander was lying on the floor with a gunshot wound in his left breast. No witness saw plaintiff in error shoot Alexander nor was any witness able to say that he had a revolver in his hand. Plaintiff in error admits that he was in the room when Alexander was shot but denies that he fired the shot. He says that when the shot was fired he dropped to the floor, crawled out of the door and ran away. A warrant was issued for the arrest of plaintiff in error, and he returned to Coulterville from Carbondale, where he fled after the killing, and surrendered to the sheriff Sep-

tember 24, 1926. The indictment charging him with murder was returned five days later, and on the same day two members of the Randolph county bar were appointed to defend him. The case was set for trial for October 7, and the attorneys appointed made an application for continuance on the ground that they had not had time to prepare for trial. October 5 a third attorney was employed by a brother of plaintiff in error to assist in the defense, and he joined in the motion for continuance. The motion was denied and the trial proceeded October 7 and 8 and the verdict of guilty of manslaughter was returned.

It is contended that the court erred in denying the motion for continuance, but this question is not before us for review. A written motion for a new trial was made and five reasons were assigned why the motion should be granted, but none of the special assignments are based on the denial of the motion to continue. Where a party files a written motion for a new trial he will be held to waive all causes therefor not set forth in his motion. (*Erikson v. Ward,* 266 Ill. 259.) The trial court should have an opportunity to correct its own errors if any have been committed. The verdict was returned October 8, 1926, and the court did not dispose of the motion for a new trial until January 15, 1927. The motion was filed by a fourth attorney employed by plaintiff in error, and no reason appears why the denial of the motion for continuance was not presented to the trial court and urged on the motion for a new trial if plaintiff in error was, in fact, prejudiced by the court's action.

Objection is made to the giving of two instructions which plaintiff in error asserts in his brief were given at the request of the prosecution. There is nothing in the abstract to show who offered the instructions, nor does the abstract show that all the instructions offered on the trial are set forth. We have held repeatedly that error cannot be predicated upon the giving, refusal or modification of

instructions unless all the instructions be set forth in the abstract (*People* v. *Heywood,* 321 Ill. 380,) and unless the abstract show who offered the instructions concerning which error is assigned.

There are no errors assigned which warrant a reversal of the judgment. Plaintiff in error testified on the trial and admitted that he was present at the time Alexander was shot. He makes no explanation of the shooting nor of his conduct at the time or immediately after the shooting occurred. The jury saw the witnesses and heard them testify, and we see no reason why the verdict should be disturbed.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*