(No. 20803.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LON FOX, Plaintiff in Error.

*Opinion filed December 17, 1931.*

SEYMOUR STEDMAN, and LAYMAN & JOHNSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, MARION M. HART, State's Attorney, MERRILL F. WEHMHOFF, and ROBERT E. HICKMAN, (MOSES PULVERMAN, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

The grand jury of Franklin county returned an indictment against Delbert B. Cobb, Ed. P. Loden and Lon Fox, charging them with larceny by embezzlement of funds of sub-district No. 9, district No. 12, of the United Mine Workers of America, in the amount of $10,500. After Fox, upon his motion, was given leave to be tried separately, Cobb and Loden were placed on trial before a jury, found guilty and sentenced to the penitentiary. Their motions for a new trial were overruled and their case was reviewed by this court. The judgment was here affirmed, (*People* v. *Cobb,* 343 Ill. 78,) wherein it was held that the proof showed that the two were guilty and that the statute under which the indictment was laid is constitutional. Fox was placed on trial at a subsequent term, found guilty by a jury, and judgment was rendered upon the verdict after

his motions for a new trial and in arrest of judgment were overruled. He is now before this court by virtue of a writ of error. Reference is made to the case of *People* v. *Cobb, supra,* for a full and accurate statement of the facts out of which the charge of embezzlement by Fox arose, as none of the points raised here warrant their re-statement.

Fox urges that the judgment should be reversed because of what he terms his primary and subordinate contentions. They are, (1) that since he is a member of sub-district No. 9 he is not an agent, servant or officer within the meaning of the embezzlement statute as he owns a fractional interest in the funds and therefore cannot be lawfully convicted of embezzlement; (2) that the special statute (Cahill's Stat. 1929, chap. 38, sec. 196,) providing that it is not a defense to the charge of embezzlement that the accused had an undivided interest in the funds embezzled when the money, goods or property belongs to a fraternal beneficiary society or subordinate lodge thereof does not apply to his case, for the reason that sub-district No. 9, or district No. 12, or the United Mine Workers of America, is not a fraternal beneficiary society. On the other hand, the People contend that Fox cannot bring these contentions forward in this court as an argument against the sufficiency of the indictment, inasmuch as he at no time had raised these particular contentions in the court below. However, it is argued by Fox that these contentions were raised in the court below on three different occasions: First, when he orally made his general motion to quash the indictment; second, in his motion for a new trial; and third, in his motion in arrest of judgment. Each of these motions will be examined in the order named.

It is a well established rule of law in this State that an oral general motion or a general written motion to quash an indictment, made without specifying any particulars wherein the indictment is defective, operates as a general demurrer. (*People* v. *Nelson,* 320 Ill. 273.) However, such motion

so made raises only those points concerning defects in substance and not those merely of form. The ruling of the trial court in denying the motion cannot be held erroneous by this court unless there are such defects as affect the substance of the indictment to such an extent as will render the indictment insufficient to support the judgment. (*People* v. *Munday,* 293 Ill. 191.) This court has further held that those defects going to the substance of the indictment must appear upon the face of the record. (*Fountain Head Drainage District* v. *Wright,* 228 Ill. 208.) A general demurrer calls only disputed questions of law to the attention of the trial court. The decision on the motion to quash consequently can only be based upon the record and the law. Although what goes to make up a judicial record is largely governed by statute and no specific definition can be given, all pleadings in a case are a part of the record. (*Zimmerman* v. *Cowan,* 107 Ill. 631.) An indictment in a criminal case is a pleading, as it accomplishes the same purpose as a declaration in a civil suit, pleading by allegation the cause of action in law against the defendant. Even if Fox did raise the point that sub-district No. 9, or that district No. 12, or that the United Mine Workers of America, singly, any two or all three together, constituted a labor union, he is then asking the trial court to pass upon a question which could not be determined without going outside of the record. This is true because such a defect, even if substantial, is not apparent upon the face of the indictment. We can conceive of no way by which Fox could have supported his point without the introduction of irrelevant facts. Therefore, if it be presumed that the contentions were raised by Fox, the trial court properly overruled the oral general motion to quash the indictment. By this motion the trial court was limited to a consideration of whether the indictment was sufficient under the statute in question. A careful study of the counts of the indictment in connection with the arguments advanced by Fox in his briefs and

petition for rehearing leads us to only one conclusion: that each count of the indictment sufficiently alleges an offense by Fox under the language of the statute. (*Meadowcroft v. People,* 163 Ill. 56.) It clearly apprises him of the character of the offense with which he is charged. As was said in *People* v. *Martin,* 314 Ill. 110: "An indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute."

The indulgence by the law of certain legal presumptions is in aid of the endeavor to render justice fairly and impartially. When the reason or purpose for the operation of the presumption ceases it cannot be availed of. When a party makes a general motion to quash an indictment he is presumed to have advanced every objection to which the indictment is subject. When the matter is decided in the trial court and no specific objections have been made he cannot avail himself of that presumption if the record placed before the court of review shows that certain specific objections were solely relied upon. If it be established by the record that the party confined his objections to certain specified matters he is then placed in the same category with one who gives certain specific reasons in writing in support of a motion for a new trial and is deemed to have waived all other objections not therein specified. A judicial record connotes verity. It is a precise history of a suit from its commencement to its termination, including the conclusion of law thereon drawn by the proper officer for the purpose of perpetuating the exact state of facts. (*Burge* v. *Gandy,* 41 Neb. 149, 59 N. W. 359; *Davidson* v. *Murphy,* 13 Conn. 213.) The record in this case concerning the motion by Fox to quash the indictment shows that the motion was made, that it was an oral motion and that it was argued and overruled. The record also shows conclusively that the motion embraced only one specific rea-

son for its support—*i. e.,* that the indictment was not re-turned into open court. It further appears that the record was amended to speak the truth and to show that the indict-ment had been returned into open court. In view of the state of the record Fox cannot have any benefit of the legal presumption mentioned above in aid of his motion to quash the indictment and his motion in arrest of judgment. By making his specific objections he waived all others and can not be heard to advance them in this court for the first time. *People* v. *Vickers,* 326 Ill. 290; *People* v. *Cione,* 293 id. 321; *Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589; *Erikson* v. *Ward,* 266 id. 259.

Fox states that he made his two contentions for the sec-ond time in the trial court when he filed his written motion for a new trial. In support of this motion he assigned specific reasons, the third one being, "The court erred in refusing to quash the indictment, and each count thereof, returned in said cause and upon which defendant was placed upon trial." That third point was improperly incorporated into his motion for a new trial, as this court has said in *Guyer* v. *Davenport, Rock Island and Northwestern Rail-way Co.* 196 Ill. 370, that "a motion for a new trial is de-signed to bring in review before the trial court the occur-rences of the trial and to present for consideration alleged errors during the course of the trial. Motions upon the pleadings and other matters arising before the trial is actu-ally entered upon furnished no basis for the motion for a new trial. * * * Errors in rulings on demurrers and motions relating to the pleadings may be reviewed on ex-ceptions without a motion for a new trial."

Fox points to his written motion in arrest of judgment as his third effort to present his contentions in the trial court. This motion has one similarity with his motion for a new trial in that he assigns the same specific reasons in support of this last motion, word for word, that he gave in his motion for a new trial. After argument thereon the

court overruled his motion in arrest of judgment the same as it had the motion for a new trial, Fox in each instance excepting to the ruling.

Fox argues that even though his written motion in arrest of judgment might not have incorporated his two contentions, he would be saved by the fact that he also made an oral motion in arrest of judgment. The record fails to show the making of such an oral motion. He cites *People v. Goldberg,* 287 Ill. 238, as authority for the principle that where an oral motion in arrest of judgment is made it will be presumed every proper reason for arresting the judgment was presented to the court below. *Sweeney* v. *People,* 28 Ill. 208, is also cited in support. Neither of the cases cited is pertinent to the point raised here, as in the *Goldberg case* the motion was oral and in the *Sweeney case* no motion in arrest was made at all. In the present case the record shows that no oral motion was made but that one was made in writing. Having elected to assign specific written reasons in support of his motion in arrest he cannot assign other reasons for the first time in this court, thereby depriving the trial court of the opportunity to correct his own errors. (*People* v. *Vickers, supra.*) The motion in arrest must be based upon matters appearing on the face of the record, not *dehors* it. *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 Ill. 61.

Fox states that every question he seeks to raise was raised before the lower court and argued at length. The record is our sole available source of information of what actually happened in the court below. His assertion is not borne out by the record, and we cannot accept his statement in preference to the record.

It is also contended that there was an absence of proof of the allegations of the indictment. The indictment charged that the United Mine Workers of America was an unincorporated fraternal beneficiary organization, and John T. Jones, one of the district officers of the organization, testi-

fied, without objection or contradiction, that it was. The indictment alleged the funds to be the property of a subordinate branch of the United Mine Workers of America and the proof amply showed this to be true. The record shows that Fox had a fair trial before a jury and that his guilt was clearly established.

Finding the record free from reversible error, the judgment of the circuit court of Franklin county is affirmed.

*Judgment affirmed.*