Hannah Randall, Appellant, v. Mayme H. Randall and Lady M. Litsinger, Appellees.

Gen. No. 8,931.

Opinion filed July 6, 1935.

Douglas C. Gregg and Laurence M. Fine, both of Chicago, for appellant.

Litsinger, Healy, Reid & Bye, of Chicago, for appellees.

Mr. Justice Dove delivered the opinion of the court.

Hannah Randall instituted this action in the circuit court of Lake county to recover upon an appeal bond executed by Mayme H. Randall, Louis E. Randall and Lady M. Litsinger. The declaration alleged that on July 21, 1922, plaintiff recovered a judgment in the circuit court of Cook county for $25,000 against Mayme H. Randall and Louis E. Randall, her husband, and that an appeal from that judgment was perfected to the Appellate Court of the First District, where the judgment of the circuit court of Cook county was affirmed by the Appellate Court on January 3, 1923. The declaration sets out the appeal bond *in haec verba* and alleges that on October 7, 1922, Louis E. Randall and Mayme H. Randall paid to the plaintiff $7,500 on account of said judgment, leaving the balance unpaid.

It is then alleged that thereafter, and on March 27, 1931, Louis E. Randall died and Mayme H. Randall

is the duly qualified and acting administratrix of his estate. To this declaration the defendants Mayme H. Randall, individually and as administratrix and Lady M. Litsinger filed special pleas, alleging that the judgment of July 21, 1922, for $25,000 had been satisfied and released of record and that the plaintiff executed a satisfaction piece therefor on October 7, 1922. The plaintiff replied, traversing the allegation that the judgment had been released and denying the execution of said satisfaction piece. On August 20, 1934, the defendants, by leave of court, filed a plea *puis darrein continuance,* which set forth at length certain proceedings had in the circuit court of Cook county in a certain cause wherein Mayme H. Randall, individually and as administratrix was the plaintiff and said Hannah Randall and said Lady M. Litsinger were the defendants. From the averments in this plea, it appears that on April 17, 1933, a decree was rendered in said cause perpetually enjoining and restraining the defendant in that proceeding, Hannah Randall, the plaintiff here, from further prosecuting this suit.

To this plea of *puis darrein continuance* the plaintiff demurred, and upon a hearing this demurrer was overruled. Thereafter, what counsel designates as a replication to this plea was filed, which alleged that the circuit court of Cook county was without jurisdiction to issue the injunction restraining the prosecution of this suit and that said injunction was of no force and effect. With the record in this condition, the case was, on January 4, 1935, called for trial. Thereupon the defendants filed a demurrer to the so-called replication and this demurrer was heard by a different judge than the one who theretofore had passed upon the demurrer to the plea. The court overruled the demurrer to the replication and counsel for the defendants then sought a continuance and advised the court that they were not ready for trial, inasmuch as

the court had previously held the plea *puis darrein continuance* good and counsel were unadvised that a replication had been filed thereto until January 3, 1935, and that the action of the court in overruling the demurrer to the replication came as a surprise. The court, however, denied defendants' application for a continuance and the case proceeded to a trial. At the conclusion of all of the evidence, the jury, in obedience to a peremptory instruction, returned a verdict in favor of the plaintiffs and against the defendants for $26,000. On January 22, 1935, upon motion of the defendants, the court entered an order vacating the previous order overruling defendants' demurrer to plaintiff's replication to the plea of *puis darrein continuance* and allowed defendants' motion for a new trial and set aside the verdict of the jury and awarded a new trial. From this order of January 22, 1935, the record is brought to this court for review by appeal.

The evidence discloses that on July 21, 1922, the plaintiff recovered a judgment in the circuit court of Cook county for $25,000 against Louis Randall and Mayme Randall and that thereafter an appeal bond in the usual form was executed by these defendants and Lady M. Litsinger, in the sum of $26,000, and this bond was duly filed and approved. Subsequently the Appellate Court of the First District, on January 3, 1922, dismissed the appeal of the defendants Louis E. Randall and Mayme H. Randall. This was all of the evidence offered on behalf of the plaintiff. The defendants offered in evidence a certified copy of the final decree, which was set forth *in haec verba* in their plea of *puis darrein continuance,* which was rendered by the circuit court of Cook county on April 17, 1933. The court sustained an objection thereto and thereafter instructed the jury to find for the plaintiff.

Counsel for appellant insist that no error was committed by the court upon the trial of the case in the

circuit court and therefore the motion for a new trial was improperly granted and that the trial court also erred in vacating the order entered on January 4, 1935, overruling the demurrer to the replication to the plea of *puis darrein continuance,* and likewise erred in sustaining the demurrer to said replication. In their argument, counsel say that a motion for a new trial will be granted solely for occurrences during the trial and not on account of errors or defects in pleadings; that in settling the pleadings, the court may at any time, before trial, alter, modify or reverse any former ruling, but where a litigant abides by such rulings and goes to trial under the pleadings and there is a verdict entered and the jury discharged, that then the trial judge is barred from going into the question of pleadings and cite in support of this statement *Guyer v. Davenport, R. I. & N. W. Ry. Co.,* 196 Ill. 370, and *People v. Fox,* 346 Ill. 374. In the *Guyer* case, *supra,* the court did say that a motion for a new trial is designed to bring in review before the trial court the occurrences of the trial and to present for consideration alleged errors during the course of the trial and that motions upon pleadings and other matters arising before the trial is actually entered upon furnish no basis for the motion for a new trial. The court also quoted from 14 Ency. of Pl. and Pr., 827-829 to the effect that a new trial will not be granted on account of errors or defects in the pleadings and that errors in rulings on demurrers and motions relating to the pleadings may be reviewed on exceptions without a motion for a new trial. In *People v. Fox, supra,* the court cited the *Guyer* case in holding that it was improper to incorporate in a written motion for a new trial an allegation or assignment to the effect that the court erred in denying defendants' motion to quash the indictment. What the court held in these cases was that rulings by the trial court upon demurrers to common law pleadings and upon a mo-

tion to quash the indictment in a criminal case may be reviewed by an Appellate Court without a motion for a new trial. These cases do not hold that a trial court may not, after a verdict has been returned, but before any judgment has been entered thereon, set aside that verdict and reverse a previous holding and vacate an order previously made overruling a demurrer to a pleading and enter an order sustaining such demurrer.

In most instances a motion for a new trial is addressed to the sound legal discretion of the trial court and is not a mere matter of form. If errors have occurred in the course of a trial, those errors should be corrected by the court in which they were committed and where it is evident that the trial proceeded on an erroneous view of the law, a new trial is properly granted. 20 R. C. L. 227, 228. In the instant case the trial court concluded upon the hearing of the motion for a new trial that in overruling the demurrer of the defendants to the replication to the plea *puis darrein continuance,* it was in error and the court did what any courageous judge should do and that was to correct such error. At that time the only way open to him to correct it was to grant the motion, set aside the verdict and reverse his former ruling which he did. In our opinion the action of the trial court was eminently proper. The allegations in the replication "that the injunction relied upon by defendants in said plea is void and of no force and effect and that the circuit court of Cook county did not have and could not assume jurisdiction of the subject matter of said cause" are conclusions of the pleader. This replication did not conclude either to the contrary or with a verification. Its allegations were repetitions of those contained in appellant's demurrer to this same plea, which demurrer had theretofore been overruled by the same court, but by an-

other judge. Whether the circuit court of Cook county had jurisdiction to enter the decree set forth in appellees' plea *puis darrein continuance* was a question of law and not of fact, and that question had been passed upon adversely to the appellant's contention when the court which heard the demurrer to the plea overruled the demurrer. If appellant in good faith believed the circuit court of Cook county did not have jurisdiction of the subject matter of the litigation set forth in appellees' plea *puis darrein continuance,* then she should have abided by her demurrer to such plea and should not have taken a change of venue from the judge who overruled her demurrer and then before another judge of the same court sought to have the former ruling reversed by filing what counsel term a replication. Upon this record we are not called upon to review the order overruling the demurrer to the plea. By filing her so-called replication and not abiding her demurrer, appellant admitted that the plea was good and sufficient in law. *Garden City Sand Co. v. Christley,* 289 Ill. 617; *Stearns v. Cope,* 109 Ill. 340. And by pleading over after her demurrer to this plea was overruled, she waived her demurrer. *Gardner v. Haynie,* 42 Ill. 291. Appellant had no right to raise the same question presented by her demurrer to this plea by any subsequent pleading. By this so-called replication appellant attempted to again raise the same question of law presented by her demurrer to this plea and the replication was therefore bad both in form and substance. *Berry v. Turner,* 279 Ill. 338. The office of a replication is to traverse the allegations of the plea or to confess or avoid the matters of fact set forth therein and thereby tender an issue of fact. Puterbaugh Pl. and Pr., 10th Ed., sec. 119.

The verdict in this case, which the court set aside, was the result of a peremptory instruction given by

the court. In granting appellees' motion setting aside that verdict and awarding a new trial and in vacating its former order overruling a demurrer to the replication and in sustaining appellees' demurrer to that replication, the court ruled on a question of law, and such rulings are properly before us upon this appeal. The rule that the granting of a new trial is within the trial court's discretion which will not be disturbed unless abused applies only when the discretion is exercised on the facts, and the correctness of a ruling on a question of law will be determined on appeal, independently of the judgment of the trial court. 4 C. J. 833.

For the reasons heretofore given, the trial court properly sustained the demurrer to the replication and committed no error in setting aside the verdict and granting a new trial. In order to prevent a miscarriage of justice, trial courts should be encouraged to correct, upon a motion for a new trial, such errors as this record discloses occurred prior to the time appellees' motion to set aside the verdict was granted. The order appealed from is therefore affirmed.

*Order affirmed.*