**Dorothy Lewis Jacobs, Respondent, v. Mutual Life Insurance Company of New York, Petitioner.**

**Gen. No. 45,064.**

Heard in the third division of this court for the first district. Opinion filed June 30, 1950. Rehearing denied July 21, 1950. Released for publication July 25, 1950.

WINSTON, STRAWN, SHAW & BLACK, of Chicago, for appellant; LOUIS W. DAWSON, GEORGE B. CHRISTENSEN, GERARD E. GRASHORN and NEIL McKAY, all of Chicago, of counsel.

ROOT & HARMAN, of Chicago, for appellee; RUSSELL W. ROOT and OSCAR W. HARMAN, both of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from an order granting a new trial in an action by the named beneficiary to recover death benefits on two life insurance policies issued by defendant. A jury trial resulted in a verdict finding the issues in favor of defendant and judgment was entered accordingly.

██ The record discloses that the trial court granted a new trial solely on the ground that the deposition of one Dr. George L. Perusse "was erroneously admitted and allowed to be read in evidence." In granting a new trial for the reasons stated the trial judge ruled on a question of law which is subject to review. (*Lutgert v. Schaeflein*, 318 Ill. App. 83; *Nordhaus v. Marek*, 317 Ill. App. 351; *Randall v. Randall*, 281 Ill. App. 169; C. J. S., sec. 1620, p. 526.)

Plaintiff argues that defendant took the depositions of Dr. Perusse under the provisions of Rule 19 of our Supreme Court [Ill. Rev. Stat. 1949, ch. 110, par. 259.19; Jones Ill. Stats. Ann. 105.19] for the purpose only of discovery.

The facts are uncontroverted. October 27, 1948, counsel for defendant caused a notice to be served upon plaintiff's counsel stating that at two o'clock p. m. on the fifth day of November 1948 the deposition of George L. Perusse, M. D., would be taken on behalf of defendant before William J. Mitchell, a notary public. Accompanying the notice was an affidavit stating among other things that George L. Perusse was a necessary and material witness for the defendant on the trial of said cause and that Dr. Perusse was unable to attend the trial on account of sickness. On the same day the affidavit was filed with the clerk of the superior court. November 5, 1948, Dr. Perusse appeared before the notary public named in the notice and upon being sworn answered certain oral interrogatories propounded by counsel for defendant. After the testi-

295

mony was transcribed in typewritten form it was signed by the witness, certified to by the notary public, sealed in an envelope, and delivered to the clerk of the superior court who in turn filed the envelope in the court file where it remained until opened in open court at the trial.

December 2, 1948, a similar notice was served on plaintiff's counsel stating that on December 9th the deposition of Dr. Perusse would be taken on behalf of defendant before the same notary public. December 9th, 1948, Dr. Perusse appeared again, was sworn and answered interrogatories which were likewise transcribed, signed by the witness, and certified by the notary public, sealed in an envelope and delivered to the clerk of the superior court where it remained until the seal was broken in open court at the time of the trial. Plaintiff's counsel did not appear at either of the examinations of Dr. Perusse before the notary public. Copies of the transcripts of both examinations of the witness were sent to plaintiff's counsel.

Objections were raised to the depositions for the first time when defendant's counsel attempted to read them in evidence at the trial, on the ground, first, that the affidavit filed in the proceeding was not sufficient and, second, that the witness was not shown to be unavailable for the trial.

The contention that Dr. Perusse's depositions were taken under Rule 19 was first made on plaintiff's motion for a new trial.

■ Section 25 of the Illinois Evidence and Depositions Act, Ill. Rev. Stat. 1949, ch. 51 [Jones Ill. Stats. Ann. 107.090], provides: "It shall be lawful, upon satisfactory affidavit being filed, to take depositions of witnesses residing in this State to be read in suits at law . . . where the witness . . . is unable to attend such court on account of advanced age, sickness or other bodily infirmities." Plaintiff's objections to the dep-

ositions, made for the first time at the trial, came too late. See *In re Kettles*, 365 Ill. 168.

The affidavits filed by defendant show that the depositions of Dr. Perusse were taken because he was unable to attend the trial "on account of sickness." This is one of the grounds named in section 25 of the Evidence and Depositions Act, and does not appear in any of the other sections, and would put the plaintiff upon notice that the depositions were taken under section 25. Moreover, the fact that the depositions were signed by the witness, certified by the notary public, sealed, and returned to the clerk of the court, where they were filed, would also indicate that it was the intention of the defendant to use them at the trial. In our opinion the notices of the taking of the depositions were in substantial compliance with the statute. The rule seems well established in Illinois that depositions taken under the Evidence and Depositions Act, as here, can be read in evidence at the trial without further proof of the availability of the deponent. See *Kristel v. Michigan Cent. R. Co.*, 213 Ill. App. 518, and cases there cited.

In the view we take of this case it is unnecessary to consider the other points raised.

For the reasons assigned, the order granting a new trial is reversed and the cause is remanded with directions to enter judgment in favor of the defendant and against the plaintiff.

*Order reversed and cause remanded with directions.*

BURKE and KILEY, JJ., concur.