## JAMES S. GARDNER

### *v.*

## GEORGE W. HAYNIE.

42   291
30a 357

42   291
159 174

42   291
70a 553

42   291
173 102

1. DEMURRER — *waived by pleading over.* Where a defendant demurs to the plaintiff's declaration, and the demurrer is overruled, and he then pleads to the action, he waives his demurrer, and cannot rely upon the judgment overruling it as error. To present that question, he should abide by his demurrer and bring it to this court for revision.

2. DEPOSITIONS — *should be excepted to when offered and when read.* Where a party objects to the reading of a deposition, the bill of exceptions should show, that he so objected, and that he also excepted to the decision of the court admitting it in evidence, and such exceptions failing to appear, this court will not review the decision of the court admitting the evidence.

3. VERDICT — *evidence to sustain it.* It is a rule of practice, never to disturb a verdict or finding of the court because it is not sustained by the evidence, unless it appears that the proof is all contained in the bill of exceptions. When that fails to appear, the presumption will be indulged, that there was other and sufficient testimony to warrant the finding. A party alleging error, must show it, by the record. If he urges that the finding is not sustained by the evidence, he should bring all of the testimony heard in the court below, to this court, that the question may be determined.

APPEAL from the Circuit Court of the county of Richland; the Hon. AARON SHAW, Judge, presiding.

This was an action of assumpsit, brought by George W. Haynie, in the Richland Circuit Court, against James Gardner. The declaration counted for money due and owing for the use and occupancy of a messuage and buildings thereon, and also for money had and received by the defendant from the plaintiff.

Afterward, defendant filed a general demurrer to each count of the declaration. which was overruled by the court. Defendant then filed the plea of the general issue and a special plea, to the latter of which a demurrer was sustained.

At the June Term, 1866, a trial was had by the court, without the intervention of a jury, by consent of the parties. After hearing the evidence, the court found the issues for the plaintiff, and assessed his damages. Defendant entered a motion for a new trial, which the court overruled, and rendered judgment in favor of the plaintiff. To reverse that judgment, defendant brings the case to this court by appeal, and assigns for error the overruling of his demurrer, in admitting Graff's deposition, and in rendering judgment against the evidence.

Messrs. CANBY & WILSON, for the appellant.

Mr. B. B. SMITH, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is urged as a ground of reversal, that the court erred in overruling the demurrer to plaintiff's declaration. In the view we take of the case, we deem it unnecessary to consider that question. Defendant, after the demurrer was overruled, pleaded in bar to the action. This was a waiver to all objections raised on the demurrer, unless the declaration was so defective that a judgment could not be rendered on it, and a motion in arrest was made. If the party was dissatisfied with the decision on the demurrer, he should have abided by it, and presented the question to be reviewed in this court.

It is insisted, that the court erred in admitting the deposition of Graff, against appellant's objection. The record does

disclose the fact, that he objected, but it fails to appear that he excepted to the decision of the court in admitting it. A decision of this character will not be reviewed, unless the party excepts to it when made. The exception must appear in the bill of exceptions, or it will be presumed that it was waived. We cannot know but appellant, although he objected to the evidence when offered, was willing when the objection was disallowed to permit it to be read. If he was still unwilling, he should have excepted to the decision admitting it.

The transcript in this case is so confused, and badly arranged, that we find it difficult to ascertain what it does properly contain, but we have read it carefully, and fail to find that the bill of exceptions contains a statement that it presents all of the evidence heard in the court below. It is the settled and uniform practice of this court, not to disturb a verdict, or the finding of the court below, on a motion for a new trial, because such finding is not sustained by the evidence, unless it appears that all of the testimony, upon which it is based, is contained in the record. In the absence of such a statement we will indulge the presumption, that there was other and sufficient evidence to warrant the finding. The party alleging error must show it. And, when he alleges that the finding is not sustained by the evidence, he must establish the averment by bringing all of the evidence in the case before this court, that it can be seen that it is insufficient. The judgment of the court below must be affirmed.

*Judgment affirmed.*