(No. 11322.—Judgment affirmed.)

JOSEPHINE BERRY, Defendant in Error, *vs.* A. F. TURNER, Plaintiff in Error.

*Opinion filed June 21, 1917.*

1. PRACTICE—*when the merits of a case cannot be considered by the Supreme Court.* Where the Appellate Court does not pass upon the merits of the cause as raised by the assignments of error but affirms the judgment or dismisses the appeal or writ of error on other grounds, the Supreme Court cannot pass upon the merits but only determines whether the judgment of the Appellate Court was erroneous.

2. PLEADING—*pleading to writ of error is governed by common law rules.* The suing out of a writ of error is the beginning of a new suit in which the assignment of errors takes the place of the declaration, and in pleading to the writ the common law rules of pleading apply, the joinder in error being, in effect, a demurrer to the errors assigned.

3. SAME—*replications to pleas in bar of writ of error must raise issues of fact.* Where the plaintiff in error's demurrers to the pleas of the defendant in error in bar of the writ are overruled and he elects to reply to such pleas, the replications must either traverse the facts alleged in the pleas or confess and avoid them, and he cannot, by such replications, question the sufficiency of the pleas as a matter of law.

4. SAME—*when Appellate Court does not err in denying leave to plead over.* Where the plaintiff in error, after his demurrers to the pleas in bar of the writ are overruled, files replications at-

tempting to again raise the question of the legal sufficiency of the pleas without attempting to raise any issues of fact, it is not an abuse of the Appellate Court's discretion to refuse to allow him to plead over after demurrers to his replications are sustained.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding.

JOHN E. HOGAN, JOHN G. FRIEDMEYER, and E. S. SMITH, for plaintiff in error.

LESLIE J. TAYLOR, and CLAYTON J. BARBER, (JAMES M. TAYLOR, of counsel,) for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On January 11, 1915, the defendant in error, Josephine Berry, recovered a judgment in the circuit court of Christian county against the plaintiff in error, A. F. Turner, a physician of that county, for the sum of $5000 for alleged negligence in reducing and setting a fracture of her left arm. Thereafter plaintiff in error sued out a writ of error returnable to the April term, 1915, of the Appellate Court for the Third District, to review that judgment. It further appears that on March 18, 1915, plaintiff in error was duly adjudged a bankrupt in the district court of the United States for the southern district of Illinois. Defendant in error did not join in error but instead filed three special pleas in bar of the action, based upon these bankruptcy proceedings, as constituting a bar to the writ of error in the Appellate Court. Plaintiff in error demurred to each of the pleas, and the Appellate Court sustained the demurrer as to the first plea and overruled the demurrer as to the second and third pleas. Thereupon plaintiff in error filed a replication to each of said pleas, to which defendant in error demurred. The court sustained the demurrer to each of the

replications, denied plaintiff in error leave to plead further, and entered judgment dismissing the writ of error and taxing the costs to the plaintiff in error. A writ of *certiorari* was allowed by this court, and the cause is now before us pursuant to the mandate of such writ.

It is assigned as error that the Appellate Court erred in overruling the demurrer to the second and third pleas, in sustaining the demurrer to the replications to such pleas, in denying plaintiff in error leave to plead over after sustaining the demurrer to the replications, and in rendering judgment on said pleas in favor of defendant in error.

The record contains a complete transcript of the record and proceedings in the circuit court and an assignment of errors calling in question the validity of certain of the proceedings had in that court, and plaintiff in error has submitted a brief on the assignment of errors going to the merits of the cause as well as to the proceedings had in the Appellate Court. It has frequently been held that the jurisdiction of this court is limited to a review of the judgment, order or decree of the court from which the appeal is taken, and that when an appeal or writ of error is prosecuted from the Appellate Court to this court, the only matter before this court for review in such proceeding is the judgment of the Appellate Court; also, that when that court does not pass upon the merits of the cause raised by the assignment of errors in that court but affirms the judgment, order or decree of the lower court, or dismisses the appeal or writ of error for causes other than upon a review of the merits of the cause, the only matter before this court is such judgment of the Appellate Court, and that if we are of the opinion it is erroneous, the only thing we can do is to reverse the judgment of the Appellate Court and remand the cause to that court for consideration on the merits. (*Oswald* v. *Wolf,* 126 Ill. 542; *Troy Laundry Machinery Co.* v. *Kelling,* 157 id. 495.) We are therefore not permitted

to review the errors assigned going to the merits of the cause, although the errors assigned are broad enough to require us to do so if the merits had been passed upon by the Appellate Court.

No question is raised as to the propriety of the action of the Appellate Court in sustaining the demurrer to the first plea and no notice need be taken of it.

The second plea filed by the defendant in error alleges, in substance, that after the rendition of the judgment in the circuit court of Christian county, plaintiff in error on March 18, 1915, filed in the district court of the United States for the southern district of Illinois his verified petition and schedule in bankruptcy, wherein and whereby he admitted and recognized said judgment as a valid subsisting obligation against him, thereby releasing and waiving all right to have the same reviewed by writ of error or otherwise, and then set up parts of the petition, together with a verified schedule of his creditors, marked "Schedule A," which he states contains a full and true statement of all his debts and the names, places and residences of his creditors. That part of "Schedule A" referred to in the plea shows Josephine Berry, of Taylorville, Illinois, as a creditor under date of January 11, 1915, and that the nature of the indebtedness is a judgment rendered in the circuit court of Christian county for $5000 and costs amounting to $168.50, which the plea alleges is the same judgment involved in this proceeding. The third plea alleges substantially the same facts as the second as to the filing of the verified petition and schedule in bankruptcy in the district court of the United States for the southern district of Illinois, including in the schedule the judgment of defendant in error as part of the plaintiff in error's indebtedness, and further alleges that on March 30, 1915, the referee in bankruptcy called a meeting of the creditors of said bankrupt, of which meeting said plaintiff in error had due notice and which he attended;

that the defendant in error filed her verified proof of claim, whereby she claimed as a valid and subsisting personal liability against said bankrupt the said judgment so recovered by her against the plaintiff in error for $5000, interest and costs; that the said plaintiff in error attended said creditors' meeting in person and by counsel and examined the verified claim so presented and filed with said referee by the defendant in error and made no objection thereto; that the referee in bankruptcy allowed said claim as a valid and subsisting obligation in favor of the defendant in error in the full amount of $5000, interest and costs, which allowance, finding and judgment remain in full force and unreversed, no proceedings to review the same having been taken by the plaintiff in error or anyone for him, which said judgment and order of said district court is a full and final adjudication of the matters here sought to be reviewed.

The replication of plaintiff in error to the second plea admits that he filed his petition in bankruptcy in the district court of the United States for the southern district of Illinois as alleged in the plea, and avers the judgment therein scheduled was a valid and subsisting obligation against him as the record then stood, and that the district court had no power or jurisdiction to review, revise or reverse said judgment, and denies that he thereby released or waived any right to have said judgment reviewed by the Appellate Court upon writ of error or otherwise. The replication to the third plea also admits it is true that he filed his petition and schedule in bankruptcy as alleged in the plea and did list and schedule as a liability said judgment of $5000 and costs; that the defendant in error filed her proof of claim, claiming the judgment as a valid subsisting personal liability against plaintiff in error; that the said referee in bankruptcy allowed said claim as a valid and subsisting obligation in favor of defendant in error; avers that at said time the records of the circuit court of Christian county did show the said judgment to be a valid and subsisting judgment

against plaintiff in error, and that the United States district court, and the referee in bankruptcy therein, had no authority or jurisdiction to review, revise or reverse said judgment; that the Appellate Court in this proceeding is the only court having authority and jurisdiction to review, revise and reverse said judgment; for which reason the judgment and order of the district court is not a full or final adjudication of the matters herein sought to be reviewed, etc. A general demurrer was sustained to each of these replications.

The suing out of a writ of error is the beginning of a new suit and the assignment of errors on the record takes the place of the declaration in an action at law, (*George* v. *George,* 250 Ill. 251; *Cass* v. *Duncan,* 260 id. 228;) and on pleading thereto the parties are governed by the common law rules of pleading. In pleading to the assignments of error the defendant in error may either join in error, which amounts to a demurrer to the errors assigned, and at once refer the matters of law arising upon the record to the court for decision, or he may file special pleas to the same, setting up some subsequent facts by way of confession and avoidance of the errors assigned, which operate as a release of errors and a bar to the further prosecution of the writ. (*Cass* v. *Duncan, supra.*) If the defendant in error adopts the latter course, the plaintiff in error, if he deems the matters pleaded not sufficient, in law, to bar him of his action, should demur to the pleas and at once refer their sufficiency to the court as a question of law. If, on the other hand, he deems the pleas good as a matter of law he may reply thereto, denying the facts alleged in the pleas or setting up new matters in confession and avoidance of the matters set up in the pleas. (2 Cyc. 1007, 1008.) This method of procedure should be followed in all the subsequent pleadings until such time as an issue of fact is formed for trial or of law for decision by the court. The office of the replication, rejoinder or other subsequent pleading,

however, being either to traverse the allegations of the prior pleading or to confess and avoid the matters of fact set forth therein, if it is desired to test the sufficiency of such pleading, whether by plea, replication or other pleading, as a matter of law, it should be done by demurrer and not by replication or other subsequent pleading, the office of which is to tender an issue of fact.

It will thus be seen that the object of both pleas and replications and all subsequent pleadings is to raise issues on questions of fact, and that if a party desires to question the sufficiency of the pleading as a matter of law he can and must do so by demurrer. It is a familiar rule of common law pleading that pleading over after demurrer overruled to a prior pleading is a waiver of the demurrer to such pleading; (6 Ency. of Pl. & Pr. 363; *Gardner* v. *Haynie,* 42 Ill. 291; *Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 id. 216; *Barnes* v. *Brookman,* 107 id. 317; *Stearns* v. *Cope,* 109 id. 340;) also, that if a party desires to preserve the question raised to such pleading by demurrer he must abide by his demurrer, and he has no right to interpose a second demurrer to such pleading after demurrer overruled and leave granted to plead, or to raise the same question presented by the demurrer by any subsequent pleading in the cause. (6 Ency. of Pl. & Pr. 366.) An examination of the replications of plaintiff in error discloses that they tender no issue of fact on the pleas, but, on the contrary, attempt to raise an issue of law as to the legal effect and sufficiency of such pleas. This is but a further attempt to again raise the same questions of law presented by the demurrer to the pleas. In this respect the replications were bad both in form and substance and the demurrer thereto was properly sustained.

It is also urged that the court erred in denying leave to plead over after demurrer sustained to the replications. The courts are invested with broad discretion in matters of this character, and where, as in this case, it is apparent that

· no attempt was made to raise any questions of fact on the issue tendered by the pleas by the replications thereto, we see no abuse of discretion in denying the motion for leave to plead over. Especially is this true where no showing is made in support of the motion for leave to plead over.

For the reasons given the judgment of the Appellate Court will be affirmed.          *Judgment affirmed.*