(No. 11814.—Judgment affirmed.)

ELIZABETH STANTON, Defendant in Error, *vs.* THE CHI-CAGO CITY RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed April 17, 1918.*

1. APPEALS AND ERRORS—*it will not be presumed the Appellate Court was improperly influenced by abstract and brief used on former appeal.* It will not be presumed by the Supreme Court that the Appellate Court was improperly influenced by an abstract of the record and brief used on a former appeal which it permitted to be filed on the second appeal.

2. SAME—*when Supreme Court may remand cause to Appellate Court for further consideration on merits.* It is only when it appears from the opinion of the Appellate Court that that court has not passed upon the merits of the cause but has erroneously affirmed the judgment or dismissed the appeal or writ of error for other causes that the Supreme Court may remand the cause to the Appellate Court for further consideration on the merits.

3. SAME—*fact that reasoning of Appellate Court is wrong does not authorize reversal of proper judgment.* Where there is evidence in the record fairly supporting the verdict and judgment in a suit at law an affirmance of the judgment by the Appellate Court is binding on the Supreme Court on questions of fact, and if the judgment of the Appellate Court is correct, the fact that the reasoning of the opinion is erroneous does not authorize a reversal of such judgment.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HARRY C. MO-RAN, Judge, presiding.

FRANKLIN B. HUSSEY, and CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, of counsel,) for plaintiff in error.

JAMES C. MCSHANE, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

A writ of *certiorari* was issued in this case to review the judgment of the Appellate Court for the First District affirming a judgment for $6700 recovered by Elizabeth Stan-

ton, defendant in error, in the circuit court of Cook county, against the Chicago City Railway Company, plaintiff in error, for personal injuries.

Plaintiff in error contends, first, that the trial court erred in refusing to direct a verdict because defendant in error's injuries were not proximately caused by any actual negligence on the part of plaintiff in error; second, that the court erred in the giving and refusing of instructions; and third, that even if plaintiff in error's contentions that the judgment should be reversed on the two grounds stated cannot be maintained, the judgment should be reversed and the cause remanded to the Appellate Court for further consideration for the reasons (a) that the Appellate Court erred in allowing defendant in error to file the abstract and brief filed by her on the former appeal of this cause to the Appellate Court, and (b) that the opinion of the Appellate Court discloses that its conclusions are predicated on views that should not have led to an affirmance.

There is evidence in the record tending to show that while defendant in error was attempting to board one of plaintiff in error's street cars the car was suddenly started before she had reached a place of safety on the platform and while she had one foot on the step and was in the act of stepping up to the platform of the car, and she was thrown to the ground and injured. The court properly refused to instruct the jury to return a verdict for plaintiff in error.

Defendant in error at the time of the accident was accompanied by a friend and was on her way home from her work. In transferring to a Halsted street car at the corner of Forty-seventh and Halsted streets, in the city of Chicago, she became separated from her companion in the rush of passengers desiring to board the Halsted street car. As defendant in error was boarding the car the conductor refused to allow any others to enter, and her companion, with a number of other passengers, was left standing in the

street. The court refused to give an instruction asked on behalf of plaintiff in error that there was no charge made nor could there be any liability attached to plaintiff in error because of the fact that the car did not wait for nor give defendant in error's companion time or opportunity to board the car. . While this instruction was unobjectionable we can not perceive where any injury was done to plaintiff in error by its refusal. From the instructions as a series the jury would have been unwarranted in finding that there was any liability because of the fact that defendant in error's companion was not permitted to board the car, and the evidence on behalf of defendant in error tends to show that the fact that her companion had been left had nothing to do with defendant in error being thrown from the car. It was not error to refuse this instruction.

On behalf of defendant in error the court gave an instruction defining the duties of a common carrier to its passengers. While this instruction, as the plaintiff in error complains, is subject to the criticism that it undertakes to cover practically the whole range of a carrier's duty and in that respect was broader than the facts in this case warranted, there is nothing in the instruction that could have misled the jury, as it confines the liability of plaintiff in error to such negligence, if any, as is alleged in the declaration and established by a preponderance of the evidence.

It will not be presumed, as plaintiff in error contends, that the Appellate Court was improperly influenced by the abstract of the record of a former trial of this case which it permitted to be filed. Plaintiff in error in effect contends that the action of the Appellate Court in permitting such abstract to be filed should be treated on the same basis as the admission of improper and incompetent evidence before a jury for their consideration. Plaintiff in error does not contend that anything but the record in this case was considered by the Appellate Court, and admits that the opinion of the Appellate Court does not disclose that it was influ-

enced in any way by the contents of the abstract and brief used by defendant in error on the first appeal. It will not be presumed that the Appellate Court was improperly influenced by the abstract and brief used on the former appeal.

It is contended that the judgment should be reversed and the cause remanded to the Appellate Court for further consideration because the opinion of the Appellate Court shows that that court believed the evidence of plaintiff in error preponderated over that of defendant in error on the issue of liability, and because the opinion shows that the verdict on the issue of damages was sanctioned by the Appellate Court on the ground that it was improbable that the jurors paid any attention to the expert testimony on the subject of a causal connection between an injury and a resulting ailment, and that the opinion in effect holds that plaintiff in error has no ground for complaint even though there was an utter failure to prove a causal connection between the injury and the subsequent ailment of tuberculosis of the spine. It is the judgment of the Appellate Court, and not its opinion, that is before this court for review. (*First Nat. Bank* v. *Miller,* 235 Ill. 135.) It is only when it appears from the opinion of the Appellate Court that that court has not passed upon the merits of the cause but has erroneously affirmed the judgment of the lower court or dismissed the appeal or writ of error for causes other than upon a review of the merits of the cause, that we are warranted in reversing the judgment of the Appellate Court and remanding the cause to that court for further consideration on the merits. (*Berry* v. *Turner,* 279 Ill. 338.) It does appear from the opinion in this case that the Appellate Court considered the cause upon its merits with reference to the liability of plaintiff in error and as to the amount of damages and after such consideration affirmed the judgment of the trial court. The evidence on the part of defendant in error tended to show that she fell from the street car of plaintiff in error through the negligence of its ser-

vants and that she was injured as a result of the fall. While the evidence is conflicting as to whether or not this injury resulted in tuberculosis of the spine, there is evidence on behalf of defendant in error that it would cause that condition. There being evidence in the record fairly supporting the verdict on these points, the verdict of the jury and the judgment of the trial court, affirmed by the Appellate Court on these questions of fact, are binding on us, and the fact that the reasoning of the opinion of the Appellate Court may be erroneous in no way affects the judgment when it is before us for consideration. *Scovill Manf. Co. v. Cassidy,* 275 Ill. 462.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*