(No. 14918.—Judgment affirmed.)

THE BEST MANUFACTURING COMPANY, Appellee, *vs.* THE PEORIA CREAMERY COMPANY, Appellant.

*Opinion filed February 21, 1923—Rehearing denied April 5, 1923.*

1. NEGLIGENCE—*when tenant of neighboring premises may recover damages for negligent excavation.* Where the soil of an alley is not sufficiently braced to prevent its caving into an extensive excavation on adjoining premises, the tenant of the building across the alley is entitled to damages for injury to its personal property and business necessitated by the tearing down of the wall of the building, which was left in a dangerous condition by the cave-in, notwithstanding the foundations of the damaged building were not deeply laid.

2. SAME—*whether contractor acts independently or as employee depends upon circumstances.* In an action against an owner of property for damages caused by the negligent construction of an improvement on his premises, the question whether the contractor for the improvement has acted independently or as an employee of the defendant is not to be settled by general rules of law but by the facts of each particular case.

3. SAME—*when questions of fact as to extent of damages can not be reviewed.* In an action for damages caused a tenant by the negligent excavation of neighboring property, where there is competent evidence in the record to support the verdict as to the extent of the damages, the judgment of the trial court on such verdict, affirmed by the Appellate Court on the questions of fact, is binding on a review in the Supreme Court.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

McROBERTS & MORGAN, for appellant.

CLARENCE W. HEYL, and HARRY C. HEYL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Best Manufacturing Company brought an action of trespass on the case in the circuit court of Peoria county against the Peoria Creamery Company for damages to the

business and personal property of the Best Company. On a trial before a jury appellee recovered a verdict of $12,000 and thereafter judgment was entered on the verdict. Later the cause was taken by appeal to the Appellate Court, and the judgment of the circuit court was affirmed. The Appellate Court granted a certificate of importance, and the case has been brought here for further consideration on appeal.

The Best Manufacturing Company was engaged in the millwright business in the city of Peoria. It occupied a three-story brick building under a lease which expired June 30, 1920, and also another building of its own in the rear of the leased building. The building under lease fronted on Walnut street and extended 120 feet along an 18-foot public alley. The creamery company purchased the lots lying immediately across the alley from the premises occupied by the Best Company and proceeded to make an excavation for the purpose of erecting a factory and warehouse. This excavation for 90 feet ran along the opposite side of the alley. The land occupied by the Best Company was higher than the land of the appellant, and the excavation along the alley was carried to a depth of 26 feet. The excavation was started in October, 1919, and on February 10, 1920, the soil of the alley caved in for the whole 90 feet of the excavation along the alley. The creamery company, or those acting under its authority, in order to prevent the caving in of the alley, placed shoring, props and wales along the boundary of its property. The Best Company called the attention of those in charge of the excavation work to the insufficiency of the props or shoring before the cave-in took place. The evidence shows that the soil of the alley was loosely packed and required bracing and that such bracing was insufficient. The evidence also shows that during a part of the time this work was going on a pile-driver was used to break frozen ground, and that its use added to the possibility of injuring adja-

cent property. Before the landslide took place braces had been placed in the building leased and occupied by the Best Company, and after the slide the building was abandoned, the alley wall of the building torn down, and the building owned by the Best Company in the rear also taken down. Damages are charged because through the negligent conduct of the excavation the premises were rendered dangerous for occupancy, and also the machinery, tools and material were damaged, removal to another location was made necessary, and loss in profits was incurred through interruption of business. The action is not brought to recover damages because of the loss of lateral support, but is based upon the claim that the excavating was so negligently done as to result in loss to the Best Company.

It is urged by appellant, among other things, that the work was not negligently done, and it is also urged that the owner of appellee's property was twice notified to protect the building, and that the bottom of the alley wall of this building extended only twenty-six inches below the paved surface of the alley. In *City of Quincy* v. *Jones,* 76 Ill. 231, this court said (p. 241) : "If injury is sustained to a building in consequence of the withdrawal of the lateral support of the neighboring soil, when it has been withdrawn with reasonable skill and care to avoid unnecessary injury, there can be no recovery; but if injury is done the building by the careless and negligent manner in which the soil is withdrawn the owner is entitled to recover to the extent of the injury thus occasioned." The recovery in this case is not based upon the withdrawal of lateral support but for the injury done by the careless and negligent manner in which the soil was removed. If the excavation was carelessly and negligently done, the notice to the owner to protect his wall is of no avail as a defense. The evidence in the record sustains the claim of appellee that the excavation was negligently done, that the bracing was not sufficient to prevent caving, and that appellant's representa-

tive was given notice of those facts. Moreover, the properties here were not contiguous but were separated by an 18-foot public alley. Whatever may be the facts as to the depth of the foundations of the injured building, the liability because of injury in this case is not lessened. The owner was not required to be upon his guard against the removal of the soil of the intervening alley.

This suit is by the lessee for injury to his possession, as recognized by section 36 of the Illinois Practice act, (see, also, *Conklin* v. *Newman,* 278 Ill. 30,) and appellant was liable for damages to appellee unless appellant is relieved from liability by its employment of Iber, the contractor. It is argued that Iber was an independent contractor and was responsible for the excavation, and therefore the creamery company is not liable. Whether the relationship is one of employee or independent contractor is not to be settled by general rule of law but by the facts of each particular case. (*Bristol & Gale Co.* v. *Industrial Com.* 292 Ill. 16.) This court has frequently laid down the general principles controlling this class of cases. "The right to control the manner of doing the work is the principal consideration which determines whether the worker is an employee or an independent contractor." (*Decatur Railway Co.* v. *Industrial Board,* 276 Ill. 472.) The record shows that Iber was originally sued as a joint defendant in this action, but the suit was dismissed, on motion of appellee's counsel, as to him shortly before the trial. The evidence does not support the contention that Iber was an independent contractor. A written contract was evidently contemplated between him and appellant but was not executed. Iber's work appears to have been done on a cost-plus basis. It is shown that Nelson, president of the creamery company, was ill or out of the State during a large part of the time, but the evidence shows that he or others for the creamery company controlled the work in all essential respects. Orders, or requests with the force

of orders, were given as to the purchase of materials and the employment and discharge of employees. The officials of the creamery company exercised direction over the work to such an extent as to make that corporation liable for the injury sustained. The evidence is sufficient to show damage to the Best Company resulting from the creamery company's negligent conduct of its work, even though the wall of the building was not torn down by the slide on February 10, 1920, and though the existing lease of the Best Company may have had only a few months to run.

Competent evidence as to the pecuniary damage was presented by appellee and is found here in the record. It was proper to admit evidence both as to the specific elements of damage and as to loss of profits because of the interruption of the business of appellee. There being evidence in the record fully supporting the verdict of the jury on these points, the judgment of the trial court thereon, affirmed by the Appellate Court on the questions of fact, is necessarily binding here in this case. *Stanton* v. *Chicago City Railway Co.* 283 Ill. 256, and cases cited.

We find no error in the rulings of the trial court as to the instructions. We think the jury were fairly instructed on the law of the case.

Appellant's brief sets out a number of alleged errors in the statement of facts by the Appellate Court. We can not discover that any of these alleged errors are material to the result arrived at by the Appellate Court. That court was justified in taxing against appellant the cost of the additional abstract prepared and filed by the appellee.

Having in mind the evidence in this case and the rulings as to the law we find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*