(No. 20844.—

THE FERGUSON & LANGE FOUNDRY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARTIN SCHNEIDER, Defendant in Error.)

*Opinion filed December 17, 1931.*

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, and CLAUD D. RABER, of counsel,) for plaintiff in error.

MCKENNA & HARRIS, (JAMES J. MCKENNA, FRANK R. PEREGRINE, and ABRAHAM W. BRUSSELL, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Martin Schneider, by an application filed with the Industrial Commission, sought the adjustment of compensation for an accidental injury which it was charged he sustained while employed by the Ferguson & Lange Foundry Company. The arbitrator found that the relation of employer and employee did not exist between the parties at the time of the injury and denied compensation. The finding of the arbitrator was reversed by the Industrial Commission and compensation was awarded. On review, the superior court of Cook county confirmed the decision of the commission. The foundry company filed a petition for a writ of error, the prayer of the petition was granted and the record is submitted to this court for a further review.

The plaintiff in error, the Ferguson & Lange Foundry Company, operates an iron foundry in the city of Chicago. Large quantities of dirt and cinders accumulate as a result of the company's processes and for a number of years prior to 1920, Joseph Kammerlander hauled these substances from its premises. In performing this service he used his

own horses and wagon and was compensated for his work at the rate of three dollars per load. In 1920, Kammerlander informed two officers of the company of his desire to discontinue the hauling he had done and of his opportunity to sell his horses and wagon to Martin Schneider, the defendant in error, if he, Schneider, would be permitted thereafter to render the service. Both officers, one of whom was the yard manager, assented to the substitution and Schneider then purchased Kammerlander's horses and wagon. No written contract was executed by the parties, nor was Schneider's name placed on the pay-roll of the plaintiff in error. Schneider thereafter hauled dirt and cinders as Kammerlander had done and received the same compensation therefor. On November 27, 1928, while loading cinders in the yard of the foundry, he suffered an accidental injury to his right leg and left foot.

During the time Kammerlander did the hauling for the plaintiff in error he supplied printed cards by which a record of the number of loads he carried was kept. When Schneider succeeded Kammerlander he received a quantity of these cards and continued to use them until they were exhausted. Schneider then had printed, at his own expense, cards bearing his name, the words "Cinder Hauling," his telephone number and address. Near the left end the card was perforated and across the portion of the card to the left of the perforation, called the stub, the name of Schneider, the defendant in error, was printed. When a load of dirt or cinders was about to be removed from the foundry yard, an employee of the plaintiff in error would write in the blank space on the card under the words "Cinder Hauling," the name of the plaintiff in error; upon the card and the stub, the number of the load taken on that day, and upon the stub, the date when the particular load was hauled. The stub would then be severed and retained and the principal portion of the card given to the defendant in error. The numbered and signed cards constituted the only record

kept by the parties of the hauling done. When the defendant in error had hauled twenty-five loads, he would present as many of the cards to the yard manager and receive a check for seventy-five dollars.

No hours were prescribed within which the defendant in error should work nor was he required to make any report to the plaintiff in error. When weather conditions were unfavorable, he did not work. At times he employed one or more men to assist him. To avoid congestion, the yard manager occasionally requested the defendant in error to remove the dirt and cinders from some particular part of the yard before he gave his attention to other parts of the premises. When he failed to haul the materials away as rapidly as they accumulated, another person in the same business would be engaged to remove the surplus and he likewise was compensated by the load. When the defendant in error obstructed the driveway to the foundry and he delayed the operations of the company, one of its employees would assist him in loading his wagon.

The defendant in error delivered the loads to such places as he might choose. Occasionally he sold some of the waste materials, but he was not required to account therefor to the plaintiff in error. At one time he did some hauling for a religious society, but he discontinued the work when he found it unremunerative. He became ill about two years before he was injured and he employed, during his illness, a third person to do the hauling for the plaintiff in error in his stead.

The defendant in error paid for the use of the barn in which his horses were kept, for the feed and care of his horses and for the repairs to his wagon and harness. He sold the horses he bought from Kammerlander and bought three other horses as well as a new wagon.

To reverse the judgment, it is contended that Schneider, the defendant in error, was an independent contractor and not an employee of the plaintiff in error. It is impossible

to lay down a rule by which the status of a person performing a service for another can be definitely fixed as an employee or as an independent contractor. Ordinarily no single feature of the relation is determinative but all must be considered together. (*Bristol & Gale Co.* v. *Industrial Com.* 292 Ill. 16). An independent contractor has been defined as one who renders service in the course of an occupation and represents the will of the person for whom the work is done only with respect to the result and not the means by which that result is accomplished. (*Hartley* v. *Red Ball Transit Co.* 344 Ill. 534; *Lutheran Hospital* v. *Industrial Com.* 342 id. 325; *Besse* v. *Industrial Com.* 336 id. 283; *Bristol & Gale Co.* v. *Industrial Com. supra*). It also has been said that if the person for whom the service is rendered retains the right to control the details of the work and the method or manner of its performance, the relation of employer and employee exists. (*Hartley* v. *Red Ball Transit Co. supra; Nelson Bros. & Co.* v. *Industrial Com.* 330 Ill. 27). The right to control the manner of doing the work is an important if not the principal consideration which determines whether the worker is an employee or an independent contractor. *Lutheran Hospital* v. *Industrial Com. supra; Besse* v. *Industrial Com. supra; Nelson Bros. & Co.* v. *Industrial Com. supra; Best Manf. Co.* v. *Peoria Creamery Co.* 307 Ill. 238; *Bristol & Gale Co.* v. *Industrial Com. supra; Meredosia Levee and Drainage District* v. *Industrial Com.* 285 Ill. 68.

The defendant in error issued cards showing that his business was hauling cinders; he owned the horses and wagon which he used in conducting the business; he defrayed the cost and expense of maintaining his horses and of keeping his equipment in repair; he sold the horses he bought from Kammerlander and purchased other horses as well as a new wagon; he employed assistants whenever necessary; he was free to do hauling for others and when ill he substituted another person in his stead. In his arrange-

ment with the foundry company no hours were fixed for the rendition of his service; he began and quit work when he desired; he delivered the waste material to places of his own selection and when he sold a load of cinders he was neither obliged to report the sale nor to account to the plaintiff in error for it. The foundry company did not concern itself with the details of the work in which the defendant in error was engaged; the time and manner of performance were left to the latter's discretion and his responsibility to the plaintiff in error was for the result which it sought to obtain. The fact that occasionally, when dirt and cinders had accumulated in the yard of the foundry to a considerable extent, the defendant in error was requested to remove the waste materials from a particular part of the yard before attention was given to another part is inconsequential. Such requests were made to avoid interruption of the foundry company's business; they did not affect either the manner of performance or the disposition of the materials and they constituted no such control as would warrant a finding that the relation of master and servant existed. (*Meredosia Levee and Drainage District* v. *Industrial Com. supra; Gallagher's case,* 240 Mass. 455). When all the facts and circumstances are considered, it is manifest that the defendant in error performed the service of hauling free from control or supervision by the plaintiff in error. He was an independent contractor at the time he was injured and is therefore excluded from the provisions of the Workmen's Compensation act. *Nelson Bros. & Co.* v. *Industrial Com. supra; LaMay* v. *Industrial Com.* 292 Ill. 76; *Meredosia Levee and Drainage District* v. *Industrial Com. supra.*

The judgment of the superior court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*