(No. 31659.—

LAURA GOULD, Appellee, *vs.* GEORGE GOULD, Appellant.

*Opinion filed March 22, 1951.*

HARRY A. BIOSSAT, of Chicago, and HENRY I. GREEN, of Urbana, for appellant.

BENJAMIN B. DAVIS, and JOSEPH W. BAER, both of Chicago, for appellee.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Appellant, defendant in the superior court of Cook County, appealed to the Appellate Court from an order entered on October 18, 1948, vacating *nunc pro tunc* one entered April 14, 1948, which dismissed the complaint in the original cause of action for want of prosecution. The Appellate Court reversed the *nunc pro tunc* order of the trial court. Leave to appeal has been granted to review that judgment.

Appellant's wife, the appellee, filed suit for divorce against him in the superior court of Cook County on June 22, 1945. On June 4, 1946, the cause was placed on the

trial calendar with John S. Boyle appearing as attorney for appellant. After numerous continuances, the cause reached the contested calendar on January 8, 1948. April 14 of the same year an order was entered dismissing the cause for want of prosecution. October 18 following, the superior court entered an order, *nunc pro tunc* as of April 14, 1948, vacating the one which dismissed the cause for want of prosecution. An appeal from that order was taken to the Appellate Court where the *nunc pro tunc* order was reversed.

May 4, 1948, John S. Boyle filed a motion to withdraw as appellant's attorney. Notice of the motion was given to appellant by mail. After one continuance the motion to permit the withdrawal of counsel was allowed on May 18, 1948. The order recited that it was entered without prejudice to any of the pleadings in the cause or to the hearing date previously set. Thereafter, the cause was continued to June 15, 1948, and notice given to appellant by mail but he did not appear either personally or by other counsel. A hearing was had on the merits of the case and a decree of divorce entered on July 2, 1948. The decree reserved jurisdiction for the purpose of determining the questions of alimony and support for children, suit money, and appellee's claim against appellant for the return of a sum of money claimed to be due her. No appeal was taken from that decree.

Some time after the decree of divorce was entered it was discovered that the cause had been previously dismissed on April 14, 1948. On October 7, 1948, appellee filed a motion to vacate the dismissal order of April 14, 1948, *nunc pro tunc*. This motion was supported by an affidavit of counsel for appellee which stated that the parties had appeared before the court on April 14, 1948, and advised the court that the cause was on the trial calendar; that the court thereupon ordered the cause stricken from the no-progress calendar and transferred to the divorce calendar;

that through misprision of the clerk of the court an order was entered dismissing the cause for want of prosecution; that as a matter of fact the cause was continued on the contested divorce calendar and was afterward, in due course, heard upon its merits and a decree of divorce entered. After hearing the argument of counsel for each of the parties, on this motion, the court entered its order of October 18, 1948, vacating and setting aside *nunc pro tunc* the order which had dismissed the cause for want of prosecution on April 14, 1948. It was to reverse the order of October 18, 1948, that appellant took his appeal to the Appellate Court. That court reversed, without remanding, the order of the trial court.

The judgment of the Appellate Court, as it appears in the record on appeal, was that "the decretal order of October 18, 1948, of the Superior Court of Cook county in this behalf rendered, be reversed, annulled, set aside, and wholly for nothing esteemed." In its opinion, the Appellate Court found that there was no written minute or memorandum in the trial court which would justify the entry of the order vacating and setting aside the dismissal of the cause on April 14, 1948, *nunc pro tunc*. As further reason for its judgment, the Appellate Court found that the appearance of appellee's attorney within thirty days after the cause was dismissed on April 14, 1948, the notices mailed to appellant concerning the withdrawal of his counsel, and the setting of the cause for trial, together with the facts and circumstances leading up to the entry of the decree of divorce, revested the trial court with jurisdiction and nullified the dismissal of the cause on April 14, 1948.

Appellant contends that the judgment of the Appellate Court should be reversed, or modified with directions, not because the judgment is erroneous, but because the Appellate Court gave the aforesaid additional reasons for its decisions and went beyond the assignment of errors to decide questions of fact not involved in the appeal. The

revesting of the trial court with jurisdiction was not an issue before the Appellate Court, and what it said in that connection is without force or effect.

On an appeal to the Appellate Court, that court has jurisdiction to review the record before it and determine whether the judgment of the trial court was justified. In this case the Appellate Court did review the judgment of the trial court and reversed the case on the record before it. The correctness of that decision is not questioned or challenged by appellant. The judgment entered by the Appellate Court was favorable to appellant and granted him the relief prayed for in his appeal.

While the Appellate Court in its opinion stated reasons which influenced it in arriving at its decision, the judgment entered was one reversing the trial court, and it is that judgment, and not the reasons assigned in the opinion, that is subject to review by this court. (*Kamienski* v. *Bluebird Air Service, Inc.,* 389 Ill. 462; *Berry* v. *Turner,* 279 Ill. 338.) Error cannot be assigned in this court on the opinion of the Appellate Court. (*Logan* v. *Mutual Life Insurance Co.* 293 Ill. 510; *Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.) We may, however, examine the opinion to determine the reasons for the judgment of that court and when it appears from the opinion of the Appellate Court that it has not passed upon the merits of the cause raised by the assignment of errors on appeal, and has erroneously affirmed the judgment of the trial court, or dismissed the appeal for causes other than upon a review of the merits of the case, we are warranted in reversing the judgment of the Appellate Court and remanding the cause for further consideration on the merits. *Armstrong Paint and Varnish Works* v. *Continental Can Co.* 301 Ill. 102; *Stanton* v. *Chicago City Railway Co.* 283 Ill. 256.

The judgment of the Appellate Court, in the instant case, is based upon the merits of the cause raised by the assignment of errors urged by appellant as grounds for

reversal. The only complaint is that in its opinion the Appellate Court assigned an additional reason for its judgment which tends to defeat appellant's purpose in attacking the erroneous order of the trial court. The judgment in this case is admitted to be right. Since it is the judgment only, and not the opinion, which forms the basis of our judgment, we must affirm regardless of the wording of the opinion. *Harding Co.* v. *Harding,* 352 Ill. 417.

Taken with the case was a motion to dismiss the appeal on the grounds that appellant was in contempt of court for failure to pay attorney fees to counsel for appellee, as ordered by the trial court, for the purpose of perfecting her defense to the appeal. An affidavit filed by appellant has attached to it a receipt showing the payment of the money in compliance with the order and the motion to dismiss is therefore denied.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*