Stewart, J.
Both the present cases involve the same legal question.
Although it is true that in the Rufo case it is argued that the provisions of Section 6064-68, General Code, are void because they are indefinite, uncertain, inadequate, unreasonable and ambiguous, we are of the opinion that' their meaning is clear.
It is true that an original container can not be diluted, and the language of the statute is far from perfect grammatically, but we have no doubt as to its meaning from the language of the enactment itself. We are also of the opinion that neither scienter nor guilty knowledge is an essential element to be established in the proof of violation of the statute.
The question then presented to us is the meaning of the language of, the scope of review provided by, and the effect of Section 154-73, General Code (Section 119.12, Revised Code), as amended in 1951, with respect to an appeal before a Court of Common Pleas from an order affecting a license issued by an administrative agency such as the Board of Liquor Control.
In the case of Farrand v. State Medical Board, 151 Ohio St., 222, 85 N. E. (2d), 113, this court held that, under Section 154-73, General Code, a Court of Common Pleas, in reviewing an order of an administrative agency pertaining to a state license, can not substitute its judgment for that of the agency and is confined “to determining the rights of the parties in accordance with the statutes and other law applicable. ’ ’
The principal paragraph of Section 154-73, General Code, construed by this court in the Farrand case, supra, read as follows;
*279 “Unless otherwise provided by law the court may affirm, reverse, vacate or modify the order of the agency complained of in the appeal and its order shall be final and conclusive unless reversed, vacated or modified on appeal.”
After the decision in the Farrand case, which was decided in 1949, the General Assembly, in 1951, rewrote the entire paragraph of Section 154-73, General Code, relating to appeals. The new language of the paragraph, which has not been substantially changed in Section 119.12, Revised Code, was as follows:
“The court may affirm the order of the agency complained of in the appeal if its finds, upon consideration of the entire record and such other additional evidence as the court may have admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding by the court, it may reverse, vacate or modify the order or make such other ruling as, in its opinion, is supported by reliable, probative and substantial evidence and is in accordance with law. The decision of the court shall be final and conclusive unless reversed, vacated or modified on appeal.”
It is the contention of the board, and that contention is approved in the opinion of the Court of Appeals, that the 1951 amendment of Section 154-73, General Code, did not change the nature of an appeal from an administrative agency from what was authorized before the amendment and pronounced in the Farrand case, supra. On the other hand, it is the contention of Andrews and Rufo that the nature of the appeal was radically changed by the amendment and that now such appeal contemplates a trial de novo.
In our opinion, the contention of neither party is entirely correct.
The appeal in the Common Pleas Court can not be a trial de novo, for the reason that the court is limited to an examination of the record of the hearing before the administrative agency and such additional evidence as the court, in its discretion, may allow to be presented upon the theory that it is newly discovered.
It is obvious that, if the General Assembly had intended *280 the appeal provision to afford a trial de novo, the court would be required to hear all material, relevant and probative evidence which either party might desire to present. On the other hand, the language in the amendment of 1951 extends the authority of the Common Pleas Court, upon appeal, beyond that court’s former authority which did not permit it to substitute its judgment for that of the agency and which confined it to determining the rights of the parties in accordance with the statutes and law applicable.
The 1951 amendment provides for a consideration of the entire record of the agency and such additional evidence as the court may admit, and from a consideration thereof for a finding whether the agency’s order is supported by reliable, probative and substantial evidence and is in accordance with law. Where the Common Pleas Court can not make such a finding, it is authorized to reverse, vacate or modify the order of the -agency.
Although the amendment falls short of providing for a trial de novo, it does provide for something beyond a mere law review as proclaimed in the Farrand case.
The court must read and consider all the evidence offered by both sides and must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof. In other words, the court may reverse, vacate or modify the order of the agency, unless it finds that it “is supported by reliable, probative and substantial evidence and is in accordance with law. ’ ’
In our opinion, the 1951 amendment provides for a hybrid review of an agency’s order before the Court of Common Pleas, which is one neither strictly of law nor of law and fact but is of the nature as we have hereinbefore described.
After a judgment by the Court of Common Pleas, either party may take an appeal to the Court of Appeals for Franklin County, under Section 119.12, Bevised Code, which reads as follows:
“Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45, inclusive, of the Bevised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construe *281 tion or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record.”
Pursuant to the above provision, the board appealed from the judgments of the Court of Common Pleas, and in each of the cases the journal entry of the Court of Appeals found simply that there was error in the record prejudicial to the appellant in the judgment of the Court of Common Pleas holding that the order of the Board of Liquor Control was not supported by reliable, probative and substantial evidence in the whole record and was not in accordance with law. The court, therefore, reversed the judgment of the Court of Common Pleas and affirmed the order of the Board of Liquor Control.
There is nothing in the journal entries of the Court of Appeals to show the approach of that court to the question which was presented to it as well as to ourselves, to wit, the nature of the appeal from the board to the Court of Common Pleas.
It is an invariable rule that a court speaks only through its journal, and where its opinion and its journal are in conflict, the latter controls and the former must be disregarded. Will v. McCoy, 135 Ohio St., 241, 20 N. E. (2d), 371. However, where it is essential in the interest of justice for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, resort may be had to the opinion of the lower court to ascertain those grounds, where there is no conflict between the opinion and the journal.
In 5 Corpus Juris Secundum, 1247, Section 1814, it is stated as follows:
“The higher court, however, may rightfully look into >the opinion of- the intermediate court for the purpose of advising itself as to the questions considered by that court and how they were disposed of, the reasons for the decision, and the judgment of that court; and where the judgment or order refers to the opinion for the grounds on which it is based, the appellate court may look to the opinion for such grounds.”
In the ease of Gould v. Gould, 408 Ill., 526, 97 N. E. (2d), 826, the Supreme Court of Illinois stated:
*282 “While the appellate court in its opinion stated reasons which influenced it in arriving at its decision, the judgment entered was one reversing the trial court, and it is that judgment, and not the reasons assigned in the opinion, that is subject to review by this court. * * * Error cannot be assigned in this court on the opinion of the appellate court. * * * We may, however, examine the opinion to determine the reasons for the judgment of that court and when it appears from the opinion of the appellate court that it has not passed upon the merits of the cause raised by the assignment of errors on appeal, and has erroneously affirmed the judgment of the trial court, or dismissed the appeal for causes other than upon a review of the merits of the case, we are warranted in reversing the judgment of the appellate court and remanding the cause for further consideration on the merits.”
In the present cases, although the Court of Appeals reversed the judgments of the Court of Common Pleas, we are of the opinion that an examination of the Court of Appeals’ opinions reveals the fact that its reversals were predicated upon a construction of the 1951 amendment, as providing for the same sort of review in the Court of Common Pleas as this court decided was the nature of the review under Section 154-73, General Code, before such amendment.
Since we have determined that the 1951 amendment greatly broadened the scope of the review in the Court of Common Pleas of orders of administrative agencies from what it was at the time the Farrand case, supra, was decided, we have come to the conclusion that the judgments of the Court of Appeals in the present cases must be reversed and the causes remanded to that court with directions to consider the appeals of the board from the judgments of the Court of Common Pleas, in the light of what we have said concerning the nature and scope of the appeal provided for in such 1951 amendment.
The judgments of the Court of Appeals are reversed and the causes remanded to that court for further proceedings.

Judgments reversed and causes remanded.

Matthias, Hart, Zimmerman, Bell and Taet, JJ., concur.